## HARDY v. WOODS et al.

A judgment quieting the title to certain real estate as against an alleged owner, who was dead at the time the action was brought, was a nullity.

Laws 1901, c. 51, § 15, provides that a tax sale certificate may be recorded as a deed of real estate after one year, and after proof of notice of expiration and maturity of the certificate has been filed with the clerk of the circuit court, and that the fee of any piece or parcel of land named in the certificate shall not vest in the holder until notice provided for is given and due proof thereof so filed. **Held**, that title to land sold for delinquent taxes does not pass by virtue of the certificate through the mere lapse of a year and failure to redeem, nor on the giving of the proper notice, but only after proof of the giving of such notice has been filed prior to the maturity of the certificate.

Return affidavits, filed in support of a tax sale certificate, are only competent to show the matters required to be covered in such returns, and are of no evidentiary value as to statements regarding other matters.

Under Laws 1901, c. 51, § 15, providing that the fee-simple title to land sold for taxes, on failure to redeem, passes on the happening of certain things, one of which is the filing of due proof of notice, service of which is required to be made on the occupant of the land, if it is occupied, or a showing made that the land was unoccupied, etc., a return of the services of such notice is required to cover the question of occupancy.

Since a deed void on its face constitutes color of title, which, through record, payment of taxes, and occupancy, may ripen into a fee, a notice of expiration of time to redeem land from tax sale was not void, in so far as it purported to notify one holding a deed to the land, which was void on its face.

Laws 1901, c. 51, requiring service of a notice of the expiration of time to redeem and maturity of a tax sale certificate, only purports to set forth requisites of the body of the notice, and does not excuse a failure to address it to the party to be served.

Defendant purchased at a tax sale certain unoccupied land, the title to which then stood in the name of H., a nonresident of the county, prior to the expiration of time to redeem. Defendant published a notice addressed to H. and another "record owner," and to any person or persons claiming any interest in the land described. At the time of such publication, H. was dead. **Held** that, since under such circumstances there was no service of the notice on either the record or true owner, no title was obtained by virtue of the proceedings.

HANEY and CORSON, JJ., dissenting.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Edmunds County; Hon. J. H. BOTTUM, Judge.

Action by Charles W. Hardy, as administrator with the will annexed of Jesse A. Hardy, deceased, against George A. Woods and unknown persons claiming an interest in or lien on certain described premises. Judgment for defendants, and plaintiff appeals. Reversed.

*Chas. M. Stevens,* for appellant. *Taubman & Williamson,* for respondents.

WHITING, J. [1] One Jesse A. Hardy, at the time of his death, held title to a certain tract of land in Edmunds county. This land was sold for taxes, and a tax deed, void upon its face, issued as the result of this sale. This deed, though pleaded against appellant's claim of title, needs no further consideration at our hands. The land was sold for taxes under a tax judgment entered pursuant to the provisions of Chapter 51, Laws of 1901, known as the scavenger tax law; the year of redemption expired, and respondent Woods claims to be fee owner under the certificate issued upon such sale. Respondent also pleads a former judgment quieting title in him as against said Jesse A. Hardy; it appears, however, that the action, in which such judgment was entered, was brought after the death of Jesse A. Hardy, and that such judgment was therefore a nullity. Appellant sued as the administration of estate of Jesse A. Hardy, and sought to have title to the land in question quieted in favor of such estate, and it is clear that he was entitled to recover decree asked, unless the fee title to said lands was vested in respondent by virtue of the tax judgment sale and certificate issued thereon.

[2] The proceedings up to and including sale upon the tax judgment are in no manner questioned. Respondent introduced the certificate of sale in evidence. Also, over the objection on part of appellant, respondent offered, and there were received in evidence, the following attached papers, files from the office of clerk of court: A purported notice of maturity of the tax certificate; an affidavit of publcation of such notice; an affidavit to the effect that the parties named in the notice were, at a certain date,

not in the county; an affidavit showing proper publication of the notice; and another affidavit stating that, upon a certain date therein named, the parties named in the notice were not in ·the county where the land was situate, and that said land was unoccupied. Respondent offered no other proof to show nonresidence of owner of land, or nonoccupancy of land at time of purported service of said notice, and the appellant objected to the receipt of the affidavits above mentionel as proof of nonoccupancy of land, and he now assigns as error the receipt of the affidavits in proof of this fact. Appellant also assigns as error the receipt in evidence of the notice of maturity of tax certificate; such notice was addressed to "Jennie P. Tracy, J. A. Hardy, record owners; to any person or persons claiming any interest in the real estate herein described." The void tax deed ran to Jennie P. Tracy as grantee, and it was of record. The deed, under which the appellant claims, was of record, and ran to J. A. Hardy as grantee; said J. A. Hardy being one and the same party as Jesse A. Hardy. Section 15 of said chapter 51, Laws of 1901, provides that a certificate of sale issued under that law "may be recorded as deeds of real estate, after one year and after the proof of notice of expiration and maturity of the certificate has been filed with the clerk of the circuit court." Such section also provides: "Proof of the notice herein provided for must be filed in the office of clerk of the circuit court prior to maturity of such certificate. The fee simple of any piece or parcel or lot of land named in any certificate shall not vest in the holder thereof until the notice provided for herein is given and due proof thereof filed with the clerk of the circuit court." It will be noticed from the above that title does not pass by virtue of the certificate through the mere lapse of one year and failure of redemption; neither does title pass upon the giving of the proper notice; title passes only after proof of giving such notice has been filed, which proof must be filed prior to the maturity of such certificate.

[3] Appellant seems to concede, as was held in the case of Nind v. Myers, 15 N. D. 400, 109 N. W. 335, 8 L. R. A. (N. S.) 157, under a tax statute (section 1344, Rev. Codes N. D. 1899)

identical with ours in this respect, that whatever facts said section 15 requires to be shown in the proof of notice to be filed in the office of the clerk of circuit court may, upon a trial in court, be proven by the return affidavits filed under such section; but appellant contends that such affidavits are incompetent to prove any fact not required to be shown by such return, and that there is nothing in said section 15 requiring that such return show the occupancy or nonoccupancy of the land. We think it must be conceded that such return affidavits, if admissable in evidence at all, are only competent to show the matters required to be covered in such returns, and that by inserting in such returns statements regarding other matters there cannot be given to such statements any evidentiary value, if they are properly objected to.

[4] We are therefore confronted with the question as to whether, upon a return of service of notice of maturity of tax certificate, the return must cover the question of occupancy of land. In Nind v. Myers, supra, the return did not cover these matters, and it was claimed that fee title had not vested in the holder of the certificate, though the return did show service upon certain parties; and facts concerning residence and occupancy were admitted upon the trial, which admission showed that these were the proper parties to be served, and that they were properly served. It will be remembered, as above noted, that, if the facts concerning residence and occupancy must appear in the return, their absence is fatal to the passage of a fee-simple title, and this regardless of what may be the actual facts. The court in Nind v. Myers was therefore confronted with the same question confronting us, and upon this point the court said: "It was not necessary to file with the clerk of court proof that the land was unoccupied. The law merely requires that proof of the service of the notice be filed. Whether the services as proved is sufficient or not depends upon the fact whether the land was occupied or not." We are unable to agree with the learned court of our sister state upon this proposition, and we fear that the admission as to the real facts led such court to fail to give due consideration as to whether statements relating to same should appear in the return. Said section

15, supra, provides that fee-simple title passes upon the happening of certain things, one of which is the filing of "due proof" of notice. This certainly means due proof of a valid and sufficient notice, and, in order to show that notice by publication is a valid and sufficient notice, there must be proof that the person to be served was a nonresident of the county where the land is situated; and there must be a return showing service upon the occupant of the land, or there must be a showing that the land was unoccupied. It, therefore follows that these matters must be covered by the written proof filed with the clerk of court. As no question is raised but what the affidavit of service is competent evidence to prove the facts required to be covered by the return of service, the error assigned is not well taken.

[5] Appellant contends that the notice, so far as it purported to be to Jennie P. Tracy, was a nullity, owing to her deed being void. As a deed void upon its face constitutes color of title, which title, through the recording of the deed, payment of taxes, and occupancy of land may ripen into a fee simple, she was certainly a proper party to be named in the notice, though notice to her would in no manner excuse notice to the owner or owners of the title of which Jesse A. Hardy died seised. Hardy was dead at the time the notice was published; but, his deed being of record, he appeared as the record owner of said land, and respondent contends, first, that, inasmuch as the statute prescribes a form of notice which contains no provisions for it to be addressed in name of party to be notified, no such address was necessary, and the address may be treated as surplusage; second, that, in any case, all the statute requires is that notice be addressed to the "record owner"; third, that the general address contained in the notice was sufficient, if an address to the "record owner" is not a compliance with the law.

[6] We are inclined to the view that the statute only purports to set forth the requisites of the body of the notice, and in no manner excuses the addressing of the same to the party to be served. It will be remembered that the purpose of the notice is to bring knowledge home to the owner of the land, and that it should

be in a form to arrest his attention. Such a notice, especially when printed in a newspaper, should be in form to catch the eye of the party to be notified; and certainly a notice addressed to no one in particular is of little value for such a purpose. We are therefore of the opinion that the name of the person to be served with notice must appear in the notice. Rector & Wilhelmy v. Maloney, 15 S. D. 271, 88 N. W. 575.

[7] There was no proof offered showing that, at the time of publishing the notice, respondent knew that Hardy was dead, so we are not called on to decide whether one can address a notice to the record owner when he knows, or has reason to know, that title is vested in another; neither are we called on to decide whether a notice duly served upon the "record owner" is, under the statute, service upon the true owner, though he may be other than the "record owner" It may well be argued that necessity requires that, in all matters pertaining to taxation, where notice is required to be given the "owner," all that is required is notice to "record owner," as otherwise no reliance could be placed upon tax titles; and there are numerous authorities supporting such proposition. But there is no notice to the "record owner" until there is service, either personal or constructive, upon such "record owner," and there was necessarily no such service in this case. It might, however, be argued that notice addressed to the "record owner" is in fact notice to the true owner, though he may be other than the "record owner." The only basis for such a claim lies in the proposition that, if the true owner allows the evidence of his title to remain off the record, and thus leads the public to believe his property to belong to another, he by such conduct, agrees that he will look to such other party to advise him of any service of notice. Where, as in this case, the record owner was dead, the law, could not infer that the true owner would receive notice through the "record owner." There was therefore no service of the notice of maturity of tax certificate upon either the "record" or the "true" owner, and respondent has acquired no title to the land.

Judgment and order denying a new trial must be and are reversed.

HANEY and CORSON, JJ., dissenting.