BERRY, Respondent, v. HOWARD et al., (Howard, Appellant.)

(146 N. W. 577.)

1. **Taxation—Tax Deed—Notice to Redeem—On Whom served.**

    As a rule, notice to redeem must be addressed to the person upon whom it is to be served.

2. **Same—Notice of—Person to be Served.**

    Under Pol. Code, Sec. 2212, requiring notice of issuance of tax deed to be served upon "the owner of the land * * or upon the person in possession * * * and also upon the person in whose name the land is taxed," **held**, that if the person in whose name the land was taxed is dead, service should be made as in case of an unknown owner, and where the notice was addressed to one recited therein as the owner, but who was in fact dead, and was served upon one residing with the real owners on an adjoining tract, but not upon such owners, the service was not valid.

3. **Judgment—Conclusiveness—Res Judicata—Dismissal as to Some Defendants.**

    Where, in a suit to determine aderse claims to realty, under Laws 1905, Ch. 81, the action was dismissed by plaintiff as to two defendants who had answered, and the decree entered did not purport to quiet title as against either of said defendants, the decree did not bar them from subsequently asserting claim to the land in a collateral suit.

4. **Quieting Title—Scope of Statute—Claims Affected.**

    A suit to determine adverse claims and quiet title, brought under Laws 1905, Ch. 81, is virtually an action against all the world, and may determine every conceivable interest adverse to plaintiff, and against all claimants, known or unknown.

5. **Quieting Title—Process—Statutory Suit—Necessity of Service—Diligence.**

    Under Laws 1905, Ch. 81, in an action to determnie adverse claims to realty and quiet title, in order to make one a party defendant he must be named as such, and served with summons by some method pointed out by the Code, unless his name cannot, by exercise of due diligence, be ascertained.

6. **Same—Service of Process—"Unknown Heirs"—Service by Publication—"Due Diligence"—Jurisdiction to Enter Decree.**

Laws 1905, Ch. 81, provides that if any heirs, devisees, etc., of adverse claimants to land, title to which is sought to be quieted, be unknown, or not ascertainable by use of due diligence, such unknown heirs, etc., may be made defendants as "the unknown heirs," etc., of the decedent. The affidavit for publication recited that inquiry had been made of various persons in the county as to certain heirs of an adverse claimant, who were not made defendants by name, but it was not shown that any inquiry was made of another heir of said claimant who was in possession of the land and who had been served and had answered, and whose answer presumably set out the source of her title, the action having been dismissed by plaintiff as against such answering heir. **Held,** that "due diligence" was not exercised for ascertaining the names of the said heirs, other than that one made a party, and that service upon them by publication as unknown heirs was invalid; "due diligence," as used in Sec. 2 of the act, requiring, as does Sec. 112, Code Civ. Proc., that the affidavit of publication should show that all reasonable means were used in good faith to discover the whereabouts of such heirs, so that they may be given actual notice. **Held,** further, that by such failure to use due diligence, and by dismissing the action as to parties who disclosed an interest in the land, plaintiff withdrew the premises from consideration of the trial court, and the court was without jurisdiction to enter a decree affecting the interests of such heirs.

7. **Taxation—Suit to Cancel Tax Deed—Conditions Precedent—Tender of Taxes and Expenses—Lien of Defendant for Taxes.**

Where, in a suit to cancel a tax deed and quiet title, the court, pursuant to Sec. 2225, Pol. Code, ascertained the amount to which defendant was entitled for taxes paid and expenses incurred on account of the land, and gave him a lien upon the land therefor, but did not require plaintiff to tender all taxes, etc., pursuant to Sec. 2214, Pol. Code, before trial, **held,** the court committed no error thereby.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Albert Berry, as administrator of the estate of Eberhart Thomson, deceased, against Charles A. Howard and another, for cancellation of a tax deed and to quiet title. From a judgment for plaintiff, and an order denying a new trial, the defendant named appeals. Affirmed.

*Taubman & Williamson,* for Appellant.

The affidavit of the owner of the certificate and of the owner's agent, show the service of this notice, and until there is some evidence to show that it was not served, in fact, as specified in those affidavits, the proof of service is conclusive.

While the action was dismissed as to the defendant Mary A. Hall, nevertheless it continued to judgment as to all other defendants, including the other three heirs of Eberhart Thompson, deceased, and as to them, and the executor or administrator of the estate, the judgment was a bar.

This judgment was a valid judgment and forever settled the rights of the defendant Howard as to the title to said real estate against all persons, except Mary A. Hall's one-fourth interest therein, quieting title to the real estate in the defendant Howard under his color of title under the tax deed.

At the trial, before any evidence was introduced, defendant objected to further proceedings in said action until section 2214 Pol. Code had been complied with.

And again, when the evidence was offered impeaching the tax deed, the same objection was made. If the foregoing section has any force whatever, it should have been applied in this case, especially under the findings made by the court, and the action should not have proceeded until taxes, costs, penalties and interest had been paid, and the provision for the payment in the judgment is insufficient protection to the defendant in his rights under the certificate of sale and tax deed.

*Fred G. Huntington,* for Respondent.

All proceedings to take this property from the owner, or owners, by the tax proceedings were had on the theory that the said Thomson was alive..

The affidavit of service is of no force and effect. Sullivan v. Eddy, 45 N. E. 837.

Where property is taken under statutory authority in derogation of the common law, every requisite of the statute having a semblance of benefit to the owner must be complied with, or the proceedings will be ineffectual. Cooley Const. Limitations (5th Ed.) p. 646.

The court did not acquire jurisdiction over the other owners of the premises in question, viz., Halver Roass, Ole Silerud, and Martin Bjekness. They were not named as parties defendant in the case of Howard v. Ballantyne. The other heir and part owner, Mary A. Hall, was named as a party defendant.

Why was one of four heirs named and the others omitted? If inquiries were made that elicited the information that Mary A. Hall was a part owner, why should plaintiff in that case not have discovered the other owners? As to Mary A. Hall the action was dismissed. The other owners were never made parties defendant except in the sense that they were included in the list of "unknown" heirs. The plaintiff in this action was not a party defendant. The court was without jurisdiction to render a decree quieting title to the premises involved in this action, and so much of the decree in the case of Howard v. Ballantyne et al as purports to quiet title to such premises in said Howard is a nullity, and not in any manner binding on this plaintiff, nor on the heirs of the said Thomson. Fenton v. Minn. Title Ins. & Invest. Co., (N. D.) 109, N. W. 363.

Defendants' contention in regard to the failure to pay or tender taxes, interest and costs is met by the action of the Court in rendering judgment in their favor for such amount and taxable costs, which costs were thereafter taxed in favor of the defendants. The Court having entered judgment in their favor as a condition precedent to the relief sought by plaintiff, has done all required by the statute. Fenton v. Minnesota Title Insurance Co., supra; Pettigrew v. Moody County, 96 N. W. 94; Record & Wilhelmly Co., v. Maloney, 88 N. W. 575.

POLLEY, J. The record in this case shows that one Eberhart Thomson died intestate, on the 3d day of March, 1904, and that, at the time of his death, he was seised in fee of a 120-acre tract of land in Brown county; that, in 1905, this land was sold by the treasurer of the county for the 1904 taxes thereon; that, no redemption having been made from said sale, a treasurer's deed, purporting to convey the said land to the purchaser at the said tax sale, was issued on the 25th day of March, 1908; and that thereafter, on the 11th day of May, 1908, the grantee in said treasurer's deed conveyed the said premises to the appellant in this action. The respondent is the administra-

tor of the estate of the said Thomson, and this action, com-
menced within less than three years after the issuance of said
deed, is brought for the purpose or having the said tax deed
canceled and title to the premises in controversy quieted in the
estate of the plaintiff's intestate. The case has been once before
this court, upon an appeal from an order overruling a demurrer
to plaintiff's complaint (Berry v. Howard, 26 S. D. 29, 127
N. W. 526, Ann. Cas. 1913A, 994) where plaintiff's right to main-
tain the action in his representative capacity is sustained; and it
is conceded that said premises belong to the said estate, unless
the title thereto was divested by the tax deed to defendant's
grantor, and certain court proceedings that will be herein-
after noticed.

It is claimed by the respondent that there were numerous de-
fects and informalities in the various proceedings leading up to
the issuance of the tax deed, which render the deed voidable;
but, in the view we take of the case, it will be unnecessary to con-
sider more than one of these defects. Respondent's intestate
was never married, but left surviving him, as his sole heirs at
law, a sister and three brothers, to wit, Mary A. Hall, Halver
Roass, Ole Silerud, and Martin Bjekness. At the time of,
prior to, and ever since the death of the said Thomson, his
said sister, Mary A. Hall, lived on land adjoining the land of
Thomson; and it was at her house that he lived, and where he
died. The trial court found as a fact that, upon the death of
said Thomson, on the 3d day of March, 1904, the said Mary A.
Hall took possession of, and remained in possession of, the
said premises until after respondent was appointed administra-
tor of Thomson's estate, on the 29th day of December, 1908,
when he took possession thereof. Prior to the issuance of the
tax deed upon which appellant bases his claim of title, his grantor
undertook to serve the notice required by section 2212 of the Pol.
Code. The notice attempted to be served in this instance was
addressed as follows: "To Eberhart Tomson, other wise known
as Eberhart Thomson, the owner, person in possession and in
whose name the S. ½ of the S. E. ¼ and N. W.¼ of the S.
E. ¼, Sec. six (6), in township one hundred twenty-seven (127)
north, range sixty-five (65) west 5th P. M., in Brown county,
South Dakota, is taxed, and to all other persons in interest."

Then follows the regular statutory notice of expiration of period of redemption and issuance of tax deed. This notice was served by the sheriff of Brown county, as the agent of the holder of the said tax sale certificate, upon one Martin C. Hall, who is a son of the said Mary A. Hall, and resided with her on land adjoining the disputed premises. It was also published in a legal newspaper in that county for the statutory length of time.

[1] It is contended by the respondent, and the trial court so held, that this did not constitute service of· the notice of issuance of tax deed as is required by said section 2212. In our opinion the court was correct in so holding. The contents and manner of service of the notice of the issuance of a tax deed has been the subject of consideration by this and other courts in the past. Hall v. Guthridge, 52 Iowa, 408, 3 N. W. 275; Rector & Wilhelmy v. Maloney, 15 S. D. 271, 88 N. W. 575. And, as a "general rule, the redemption notice must be addressed to the person upon whom it is to be served." Black on Tax Titles, § 333; Steele v. Murray et al., 80 Iowa, 336, 45 N. W. 1030; Slyfield v. Barnum, 71 Iowa, 245, 32 N. W. 270; Hardy v. Woods et al., 28 S. D. 151, 132 N. W. 692.

[2] Section 2212 designates the persons upon whom notice of the issuance of tax deed must be served. It names two classes of persons upon whom service may be made and is in the alternative. It must be served "upon the owner of the land so sold, or upon the person in possession of such land or town lot unredeemed, and also upon the person in whose name the land is taxed." It is optional with the holder of the certificate whether he serve the owner of the land or the person in· possession thereof; but it is imperative, in all cases, that he serve one or the other of them and that he also serve the person in whose name the land is taxed. This gives the holder of the certificate the option: First, of serving the owner of the land, and also the person in whose name it is taxed; or, second, he may serve the person in possession and also the person in whose name the land is taxed. Of course, if the land is taxed to an "unknown" owner, then the notice cannot be served upon the person in whose name it is taxed; there being no such person to serve. In this case, Eberhart Thomson, the person in whose name the land was taxed, being dead, service on him could not

be made; and, having been dead at the time the land was assessed for taxation, it should be treated as though it were a case where the land were taxed to an unknown owner. This is the rule adopted in Iowa under a similar statute: "As there was no person in existence to whom the land was assessed and taxed, the situation may be said to be analogous to that where lands are assessed and taxed under the heading as to ownership of 'unknown.'" Grimes v. Ellyson, 130 Iowa, 286, 105 N. W. 418. The affidavit of service of the notice upon Martin C. Hall contains the averment that he was then in possession of the land; but, as the notice was not addressed to him, and as he was in no wise mentioned therein as the party who was to be affected by such notice, the service upon him was a nullity. Woods v. Hardy, supra. And, moreover, the court found that at this identical time the land was in the possession of Mary A. Hall. No attempt ever having been made to serve her as the party in possession, the notice, in order to have had any validity whatever, must have been served in one of the ways pointed out by the statute upon the owners of the land; but, as we have already seen, Mary A Hall, Halver Roass, Ole Silerud, and Martin Bjekness were the owners of the land at the time of the attempted service of the notice; and, although Mary A. Hall lived upon land adjoining the premises to be affected by the notice, no attempt was ever made to serve her or to give notice to either of the other owners. Therefore the treasurer was wholly without jurisdiction to issue the deed.

But this deed, though irregularly issued and subject to cancellation, was yet color of title; and appellant, for the purpose of putting outstanding claims, if any existed against the disputed premises, at rest, immediately after he acquired his interest therein, commenced an action in the circuit court for Brown county, under the provisions of chapter 81, Laws of 1905. Said action was not only brought for the purpose of quieting the title to the real property involved in this action, but included a large number of segregated tracts situated in Brown county and was against a large number of persons who were named as defendants, and against the heirs, devisees, legatees, executors, administrators, and creditors of any deceased person, or persons, who might have, or claim to have, any interest in any

of the described premises adverse to the claims of the plaintiff in that action. Said action was prosecuted to final determination, and decree therein was entered on the 11th day of September, A. D. 1908. This decree purports to quiet the title to the disputed premises in the appellant as against all the world, with the exception of the said Mary A. and Martin C. Hall; and it is now urged by the applicant that, although the said tax deed may have been insufficient to bar a recovery in this action, such recovery is barred by the said decree.

[3] In that action, the said Mary A. and Martin C. Hall were made defendants by name and were served personally with the summons and complaint. They both appeared and answered in the case; but, upon the filing of their answers, the appellant, upon his own motion, and at his own cost, caused the dismissal of the said action as to those two defendants, and the decree entered in said action does not purport to quiet the appellant's title as against either of them. This left the one-fourth interest in the disputed premises, inherited from the said Eberhart Thomson by Mary A. Hall, undetermined, and, as to her, the said decree is not a bar or any hindrance to the assertion of her claim to a one-fourth interest in the said premises in this action. As to the interests of the other three heirs of Eberhart Thomson, a more difficult question is presented, and one that will require careful analysis of chapter 81, Laws of 1905. If they were in fact parties defendant to the said action, then the plaintiff is barred from the assertion of any claims on their behalf in this action, and such an attempt would be a collateral attack on said judgment and cannot be maintained.

[4] From the language used in said act, its scope is as broad as it can well be made. The action which a claimant to an interest in real property is authorized by this law to maintain is virtually against all the world, and may determine every conceivable interest adverse to plaintiff, and against all claimants—whether known or unknown.

[5] But there are some limitations that must be observed. In order to make one a party defendant to such action he must be named as such and served with a summons by some method pointed out by the Code, unless his name cannot, by the exercise of due diligence, be ascertained.

[6] Neither of the said owners (Halver Roass, Ole Sile-rud, or Martin Bjekness) was made defendant by name; and therefore whether they were parties defendant to the suit depends upon whether proper diligence was exercised in the attempt to ascertain their names. Service of the summons in said action was made by publication, and the affidavit of the plaintiff therein, upon which the order of publication was issued, was received in evidence and is made a part of the record on the appeal in this action. This affidavit sets out, in great detail, the effort made by appellant to learn the whereabouts of certain of the named defendants as well as the names of others unnamed. This effort consisted of inquiry of various parties in Brown county, an examination of the county records of that county, and some correspondence; but it is a significant fact that no inquiry was made of the said Martin C. Hall, whom appellant claims was in possession of the disputed premises, nor of Mary A. Hall, whom the court found as a fact to be in possession of said premises. Both these parties were named as defendants, both were served, and both answered. While neither of these answers appear in the record, it may be assumed that the answer of Mary A. Hall, who is the owner of a one-fourth interest in said land, set out her source of title. This must have suggested inquiry which, if made by appellant, would certainly have led to the identification and probable location of the other owners—thus enabling appellant to have made them parties by name and give them notice of the pendency of the action. Instead of doing this, appellant dismissed his action as to those two defendants and made no effort whatever to have their interests, if any, determined. This leads to the inference that the appellant did not desire to have the title to the disputed premises determined in said action, and that the said heirs of Eberhart Thomson were not parties to the said action, and the court was wholly without jurisdiction to adjudicate their rights.

"Due diligence," as used in section 2 of chapter 81, Laws of 1905, has the same meaning as it does where used in section 112, Code Civ. Proc., and requires the same good faith effort on the part of the plaintiff in an action prosecuted under said chapter 81 to ascertain the name of a party who is to be divested of his interest in real property as said section 112 does to ascer-.

tain his whereabouts. This court has indicated the character of effort that is required by section 112, and, as it is a matter of votal import in proceedings under chapter 81, we reiterate and quote at length from what we said in Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605, 37 L. R. A. (N. S.) 206: "While, in this class of cases, it is not necessary that all possible or conceivable means should be used to ascertain the whereabouts of a defendant, still it is necessary that the affidavit for publication should show that all reasonable means have been used to discover the whereabouts of defendant, to the end that he may receive actual notice of the pendency of the suit against him. This is what is meant by the term 'due diligence.' In Coughran v. Markley, 15 S. D. 37, 87 N. W. 2, it is very aptly stated: 'Judgments which exclude persons from any interest or lien upon land should not be rendered without actual notice, when by the exercise of reasonable diligence actual notice can be given. There should be either actual notice or an honest and reasonable effort to give it. The statute contemplates, and trial judges should invariably require, that the party who institutes the suit shall in good faith make every reasonable effort to not only ascertain that the defendant cannot be served within the state, but to ascertain his whereabouts, in order that copies of the summons and complaint may reach him through the mails or otherwise.' Where a defendant, on whom service by publication is sought, has recently left the state, plaintiff should ascertain the place where he last resided, and it is also incumbent upon plaintiff to ascertain whether such defendant left any relatives or agents or other business associates in such vicinity, and, if so, inquiry should be made of them, as persons presumed to be most likely to know the present whereabouts of such defendant. Failing to find such relatives, agents, or business associates, inquiry should be made of the nearest and most immediate neighbors of such defendant as persons also presumed to be likely to know the whereabouts of such defendant. Inquiry of the postmaster at the last-known post office address of such defendant might readily lead to the discovery of his whereabouts. The affidavit for publication should show that all reasonable inquiry has been made of persons likely or presumed to know the whereabouts of the person sought to be notified by publication.

Near neighbors might know of near relatives of defendant who resided in some other locality who could furnish the desired information. It is the use of all such reasonable means of this character that constitutes 'due diligence.' The affidavit should show that such sources of inquiry have been reasonably pursued and exhausted. Inquiries made of persons in a distant part of the county, or state, 20, 50, 100, or more miles from the locality where defendant last resided, who are not personally acquainted with and did not know defendant, are wholly worthless and wholly immaterial to establish 'due diligence.' Such persons are not likely or presumed to know the whereabouts of defendant." The record does not show that the defendant made any such good-faith effort to ascertain the names and location of the owners of the disputed premises as would authorize the court to adjudicate their rights as unknown owners. He not only failed to exercise reasonable diligence in ascertaining and bringing before the court all parties in interest, but he dismissed his action as to such parties as disclosed an interest in this particular piece of land. By doing this, he withdrew said premises from consideration of the court and left the court without jurisdiction to determine any of the interests therein; and, the court not having such jurisdiction in said action, the decree entered therein did not affect the title to the premises in question and is no bar to the maintenance of this action.

Nothing said herein is to be taken as an expression of opinion as to the constitutionality or unconstitutionality of chapter 81 of the Session Laws of 1905. The law as it stands not having been complied with, it is not necessary to pass upon the validity of the law itself. Neither is anything said herein to be taken as an expression of opinion as to whether or not chapter 81, Laws of 1905, authorizes a party to have litigated, in one action, claims to separate tracts of land, plaintiff's title to which is derived from different sources, and where no community of interest exists between the several defendants.

[7] At the beginning of the trial, the appellant objected to any further proceedings in the action until the respondent had paid or tendered to appellant all taxes, interest, and penalties, legal costs and expenses, as provided by section 2214, Pol. Code.

The objection was overruled, and this ruling is urged as error by appellant. The court followed the provisions of section 2225, Pol. Code, by ascertaining the amount to which appellant was entitled by reason of taxes paid and expense incurred on account of the land in controversy. Appellant was awarded judgment and given a lien on the premises for this amount. There was no error in this. Pettigrew et al. v. Moody, 17 S. D. 275, 96 N. W. 94.

This necessarily leads to the conclusion that the trial court was right, and the order and the judgment appealed from are affirmed.