## NORTHWESTERN MORTGAGE TRUST COMPANY, Appellant, v. SCHATZ, Respondent.

### (152 N. W. 509.)

(File No. 3658. Opinion filed May 10, 1915)

1. **Taxation—"Scavenger" Law—Limitation of Actions to Set Aside Tax Judgment Sale.**

Under Laws 1901, Ch. 51, Sec. 18, providing that the validity of tax judgment sales shall not be called in question unless action is brought within two years from date of sale, held, that defects and irregularities culminating in the sale cannot be considered on an appeal from a judgment based on a tax judgment title, where they were not raised within two years from date of sale.

2. **Same—Tax Judgment—Jurisdiction—Filing Tax List—Evidence to Impeach Jurisdiction.**

The contention that a court which entered tax judgment was without jurisdiction because the treasurer, under Laws 1901, Ch. 51, Sec. 1, did not file with clerk of court a delinquent tax list, is not sustained by a mere showing that the clerk of court in office at the time of the trial could not find such list on file in his office.

3. **Same—Tax Judgment Certificates, Redemption from—Notice of Maturity, Computation of Time Under.**

Notices of maturity of tax judgment certificates, which notices were dated November 6, 1901, reciting that the certificates would become absolute unless redeemed before November 7, 1902, were not objectionable on the ground that they made the period of redemption one year and one day instead of one year.

4. **Same—Tax Titles—Notice of Redemption from Tax Judgment Certificates, To Whom Addressed—Service of.**

Notices of maturity of tax judgment certificates must be addressed to the owner of the fee title, and served upon her either personally or by publication.

**5. Same—"Scavenger" Law—Tax Titles—Notice of Redemption—Name of Land Owner, Necessity of Stating, in Notice.**

Notices of the maturity of tax judgment certificates, under Laws 1901, Ch. 51, Sec. 15, which do not contain the name of the land owner and were not served upon the owner and holder of the fee title, the affidavit of service of proof of the notice merely stating that the owner was not a resident of the county in which the land was located,' and was not within the county, at the time of service, **held,** to be insufficient proof of service, in that the notice did not name the owner and the proof of service did not show who was owner; and even if one of the parties named in the notice and served therewith had been the owner, the proof would have been deficient.

**6. Same—Tax Titles—"Scavenger" Law—Limitation of Action to Set Aside Tax Judgment Sale Certificate.**

Under Laws 1901, Ch. 51, Sec. 18, providing that the validity of a tax "sale" shall not be questioned, unless the action be brought within two years from date of the tax judgment sale, which statute bars only matters affecting the validity of the sale as such, **held,** that the notice of maturity of the certificates and proof of service thereof, constituting the basis of passage of title to the certificate holder, may be challenged after the expiration of said two years; following McKinnon v. Fuller, 33 S. D. 582, 146 N. W. 910.

**7. Actions—Foreclosure of Realty Mortgage—Parties Defendant—Owner of Fee.**

Where, in an action to foreclose a realty mortgage, only the mortgagor, who had long since parted with the title, was made defendant, **held,** that, the present owner in fee, being a necessary party defendant, not having been made a party, the alleged foreclosure judgment was a nullity, so far as the land, or those interested therein, were concerned.

Appeal from Circuit Court, Fall River County. Hon. LEVI McGEE, Judge.

Action by the Northwestern Mortgage Trust Company against Albert Schatz, to establish a mortgage lien upon realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Sterling & Clark,* for Appellant.
*Wilson & Wilson,* for Respondent.

(3) Under point three of the opinion, Appellant cited. Sec. 6, Code Civil Procedure; Flickinger v. Cornwell, 22 S. D. 382; Archer v. Tubbs Sheep Co., (S. D.) 126 N. W. 577.

(5) Under point five of the opinion, Appellant cited: Sec. 15, Chap. 51, Session Laws 1901; Coughran v. Markley, 15 S. D. 37; Barry v. Howard, (S. D.) 146 N. W. 577; Hardy v. Woods, (S. D.) 132 N. W. 692; Barry v. Howard, (S. D.) 146 N. W. 577; Rector v. Maloney, 15 S. D. 271; Newton v. McGee, (S. D.) 140 N. W.

(6) Under point six of the opinion, Appellant cited: Battelle v. Wolven, 19 S. D. 87; Newton v. McGee, (S. D.) 140 N. W. 252.

Respondent cited: Laws 1901, Ch. 51, Sec. 18; Pol. Code, Sec. 2214, Laws 1903, Ch. 70.

GATES, J. In 1888 one Charles Riley mortgaged his 160-acre farm in Fall River county to the present plaintiff and appellant to secure the payment of $400 due January, 1, 1894. A second mortgage between the same parties to secure the payment of $100.72 was given, which was foreclosed by advertisement in 1893 and a sheriff's certificate of sale to this plaintiff, issued thereunder, was executed and filed for record in July, 1893. No redemption was made from said sale, nor has any sheriff's deed ever been issued pursuant to said certificate. No assignment, in form, of this certificate has been made by this plaintiff. Notwithstanding the lack of such sheriff's deed, this plaintiff conveyed the premises, subject to the $400 mortgage, by mesne conveyances, to William Walter Taylor, who in turn quitclaimed his interest therein to the state of South Dakota by deed recorded in December, 1895. In 1901 a tax judgment pursuant to the provisions of chapter 51, Laws 1901, was entered against one "80" for the delinquent taxes for the years 1895 to 1899 and against the other "80" for the delinquent taxes for the years 1898 and 1899. Both tracts were sold at tax judgment sale to Elmer R. Juckett. No redemption therefrom was had, and notices of the maturity of the tax judgment certificates were given and, with the proof of service thereof, filed, and the tax judgment certificates were recorded in the register of deed's office of said county in November, 1902. In September, 1905, the defendant, Albert Schatz, purchased the premises from Mr. Juckett and went into, and ever since has been in, possession thereof. Some time in 1911, prior to beginning this action, a purported judgment of foreclosure of the first mortgage was entered in the

circuit court of said county, in an action wherein this plaintiff was plaintiff and the mortgagor, Charles Riley, was sole defendant. At the time of such foreclosure, Charles Riley had long since ceased to have any title or interest in the property, he having conveyed the premises by warranty deed to one Attie V. Moses by deed executed and recorded in May, 1889. In October, 1913, and subsequent to the commencement of this action, said Attie V. Moses quitclaimed the premises to this defendant. Plaintiff brought this action against Albert Schatz as sole defendant to have its lien upon the premises under the $400 mortgage established as the paramount lien. The defense rested solely upon the validity of the title claimed to be derived from the tax judgment certificates. The trial court found the facts and made conclusions of law in favor of defendant. From the judgment entered thereon and from an order denying a new trial, plaintiff appeals. The findings of fact do not mention the deed from Attie V. Moses to defendant, so that whatever title defendant was found to have was based solely on the tax judgment certificates.

[1] Appellant contends that such title is void: (a) for defects and irregularities culminating in the tax judgment sales; (b) for defects and irregularities in the notices of maturity of the tax judgment certificates and in the proof of service filed. The defects and irregularities contained within the first ground are not, at this time, available to appellant because they were not raised within two years from the date of sale. Section 18, c. 51, Laws 1901.

[2] It is true that appellant contends that the court which entered the tax judgments was without jurisdiction because it claims that the treasurer did not make and file with the clerk of the court the tax list mentioned in section 1, c. 51, Laws 1901. The proof offered to sustain this contention amounted simply to this: that the clerk of the court in office at the time of trial, and who had been in office since January 3, 1911, could not find any such tax list among the files of his office. This did not amount to an impeachment of the jurisdiction of the court to enter the tax judgments.

[3] Objection is made to the notices of maturity of the certificates because the certificates were dated November 6, 1901, and the notices recited that the certificates would become absolute un-

less redeemed before November 7, 1902. It is contended that, under the rule of computing time, by which the first day is excluded and the last included:

"The time for redemption from the certificates in question would begin to run on the 7th day of November, 1901, and would not expire until the evening of November 7, 1902."

Counsel are right as to the beginning of the period, but are wrong in their arithmetic as to the last day. Their computation would make the period of redemption one year, and one day instead of one year. The trial court correctly found that the notices allowed exactly one year within which to redeem.

[4] Said notices are further objected to because they were not addressed to, nor served upon, Attie V. Moses. The notices were addressed to Charles Riley and the state of South Dakota only. The trial court found, and we think correctly, that the fee title was then in Attie V. Moses. The notices should have been addressed to her and served upon her, either personally or by publication. Section 17, c. 51, Laws 1901; Rector v. Maloney, 15 S. D. 271, 88 N. W. 575; Hardy v. Woods, 28 S. D. 151, 132 N. W. 692; Berry v. Howard, 33 S. D. 447, 146 N. W. 577.

[5] The proof of service of the notices is also assailed because there was no statement made therein as to who was the owner of the land. Without giving the name of the owner or in any manner showing any reason why the notices were addressed to Charles Riley and the state of South Dakota, the affidavits constituting the proof of service merely recited that the owner of the land was not a resident of, and not within, Fall River county at the time designated for serving the notices. This was not sufficient proof of service. Hardy v. Woods, 28 S. D. 151, 132 N. W. 692; Weller v. Platt, 33 S. D. 509, 146 N. W. 705. Under the requirements of section 15, ch. 51, Laws 1901, the proof filed should have shown who the owner of the land was. Even if Charles Riley had then been the owner of the land, the proof would have been deficient. For these reasons the "scavenger" certificates, while valid liens upon the property, and superior to the lien of plaintiff's mortgage, must be held not to have passed title to the property.

[6] But it is urged by respondent that, after two years from the recording of the certificates, their validity cannot be ques-

tioned. Section 18, c. 51, Laws 1901. This question was fully gone into in the case of McKinnon v. Fuller, 33 S. D. 582, 146 N. W. 910, in which the opinion was handed down after the decision of the trial court in this case. What was said in that opinion in regard to the time within which the defects in the giving of the notice of maturity of "scavenger" certificates and in the proof of service may be challenged is applicable here.

[7] Counsel for respondent mention chapter 293 of the Laws of 1909 as being a bar to appellant's contention in this case. A careful inspection of the answer fails to disclose that such statute was pleaded as a defense. C. C. P. § 39. The denial, in the answer, of appellant's lien did not raise the question of the statute of limitations, but in view of such denial and because a new trial is granted, it is proper for us to consider at this time the effect of the purported foreclosure of appellant's mortgage. No person was made defendant in such foreclosure except the mortgagor, who had parted with the title 22 years prior thereto. Attie V. Moses, the successor in interest at the time of the alleged foreclosure, was not made defendant; nor was the state of South Dakota. If, as claimed by appellant, the state of South Dakota was the owner of the fee, then the state was a necessary party to the foreclosure. If, as claimed by respondent, the state was at most only the equitable assignee of the sheriff's certificate of foreclosure under the second mortgage, then Attie V. Moses, at least, was a necessary party to the foreclosure. The alleged foreclosure, therefore, was a nullity so far as the land, or as any person then interested therein, was concerned. Froelich v. Swafford, 33 S. D. 142, 144 N. W. 925; American B. & T. Co. v. Lynch, 10 S. D. 410, 73 N. W. 908; Miner v. Beekman, 50 N. Y. 337. As to such persons, the form of the lien and all questions as to the running of the statute of limitations remained unchanged by the purported foreclosure.

For the reason that the "scavenger" tax title has failed, the judgment and order denying a new trial must be reversed, and a new trial granted.