## DECORY, Respondent, v. NELSON, Appellant.

## (153 N. W. 887.)

(File No. 4020.   Opinion filed November 13, 1916.)

**1.   Taxation—Quieting Title—Tender of Taxes, at Trial, Sufficiency—Statute.**

In a suit to determine conflicting claims to realty, the affirmative defense alleging title in defendant under a tax deed, **held**, that it was not necessary to tender the taxes before suit, but the bringing into court and tendering to plaintiff, and deposit of the amount of taxes, costs, and interest during trial, was sufficient, under Pol. Code, Sec. 2214.

**2.   Taxation—Tax Title—Notice of Application for Deed—Service of Notice—Sufficiency of Evidence—Statute.**

Where, in a suit to determine conflicting claims to realty, defendant claiming title in himself under tax deed, the evidence of service of notice of application for tax deed being conflicting, and depending upon an affidavit showing personal service on the record owner at her home at a specified place in this state by delivering to her a true copy of the notice, and upon positive and explicit testimony of plaintiff denying that any service of notice had been made upon her, **held**, that the proof was sufficient to satisfy the rule of law requiring only clear and satisfactory proof that no service was in fact made; the person who made the affidavit of service not having been called as a witness.

**3.   Taxation—Tax Deed Without Service of Notice, Sufficiency—Limitations.**

A tax deed issued within three years without adequate proof of service of the required notice, is invalid.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Maggie Decory, against Olof Nelson, to quiet title. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order affirmed.

*Herman L. Bode,* for Appellant.

*W. J. Hooper,* for Respondent.

(1) To point one of the opinion, Appellant cited: Pol. Code, Sec. 2214.

Respondent cited: Weller v. Platt, 33 S. D. 509; MacKinnon v. Fuller, 146 N. W. 911; Berry v. Howard, 146 N. W. 577; McKinney v. Minnehaha County, 17 S. D. 407.

(2) To point two of the opinion, Appellant cited: Pol. Code, Sec. 2212; Burton v. Cooly, (S. D.) 118 N. W. 1028; Matchill v. Libig, (S. D.) 105 N. W. 171, 20 S. D. 169; Ormoni v. Wisted, (Minn.) 80 N. W. 1127.

Respondent cited: Pol. Code, Sec. 2212.

Smith, J.   Action under the provisions of chapter 81 of the Laws of 1905 to determine conflicting claims to real property. The complaint is in the usual form. The only issue material to this appeal arises from defendant's affirmative defense alleging title in himself under a tax deed dated March 18, 1914.

Appellant's case hinges upon the validity of this deed. The trial court held the deed invalid and void and gave judgment for

plaintiff. The land was sold November 13, 1911, for taxes of 1910 amounting to $4.05. Thereafter appellant paid taxes for the years 1911 to 1913, inclusive, amounting, with interest and costs, to $19.93 in the aggregate.

[1] Plaintiff did not tender the amount of taxes due before commencement of the action, but at the trial brought into court tendered to defendant and deposited the full amount of taxes, costs, and interest. This was a sufficient compliance with the provisions of section 2214, Pol. Code. Weller v. Platt, 33 S. D. 509, 146 N. W. 705; Berry v. Howard, 33 S. D. 447, 146 N. W. 577.

[2] The validity of the aforesaid tax deed turns upon an issue of fact as to service of notice of application for tax deed and the sufficiency of the affidavit of service of such notice, pursuant to section 2212 of Pol. Code. The only proof or return of service is contained in an affidavit as follows.

"State of South Dakota; County of Tripp—ss.:
"Officer's Return.

"Albert Nelson, being first duly sworn, deposes and says: That he is a resident and elector of the county of Todd, attached to Lyman County for judicial purposes and taxation, and state of South Dakota, that the hereto attached notice of intention to take tax deeds came into his hands for service on the 8th day of December, 1913, and that he served the same upon Maggie Marion now Maggie Decory, the record owner and upon Maggie Marion, the person in whose name the land described in said notice is taxed. That said service was made upon Maggie Marion personally at her home ranch at Rosebud, South Dakota, on the 8th day of December, 1913, by delivering to her a true and correct copy thereof. That affiant is in no way interested in said proceedings.

"Albert Nelson.

"Subscribed and sworn to before me this 11th day of December, 1913."

Attached to the written demand for a tax deed filed with the county treasurer was an affidavit of Herman L. Bode, stating that he is—

"the attorney for Olof Nelson, the lawful holder and owner of county treasurer's certificate of Tax Sale No. 198," etc. (describing the land), and "that on the 17th day of November, 1913,

proceedings were commenced to procure a tax deed to the land described in said certificate, and that since said date he has caused a copy of the hereto attached notice of intention to take tax deed to be served upon Maggie Marion, now Maggie Decory, the record owner of said described land, and the party in whose name the said land is taxed, which fact more fully appears by the affidavit and officer's return which is hereto attached and made a part of this proceeding. * * * That service of said notice was completed on the —— day of December, 1913, and a record of the particular mode of said service and a copy of the proceedings filed with the treasurer of Lyman county, on the 18th day of December, 1913."

Plaintiff denied that any service of notice whatever had ever been made upon her, and the trial court found "that the said notice of intention was never in fact served upon her." Section 2212, supra, declares that:

"Service shall be deemed complete when an affidavit of the service of said notice and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed. Such affidavit shall be filed by said treasurer and entered upon the records of his office, and said record or affidavit shall be presumptive evidence of the completed service of notice herein required. * * *"

It is appellant's contention that the only effect of the statute quoted is to fix the date of "completed service," and set running the 60-day period of limitation, which terminates the right of redemption, and that the affidavit or return of service by the officer or person making the service cannot be overcome by the testimony alone of the person served, citing Matchett v. Liebig, 20 S. D. 169, 105 N. W. 171; Burton v. Cooley, 22 S. D. 515, 118 N. W. 1028. In both the cases cited the evidence to prove want of service and that to show service was presented in the form of conflicting and somewhat voluminous affidavits which were carefully analyzed, and the conclusion reached that the preponderance of evidence was in favor of the party alleging service. In the case at bar the sole evidence of service was contained in the original affidavit which was opposed by the sworn testimony of plaintiff in open court, who was subjected to full cross-examin-

ation by appellant's counsel.  Her testimony was positive and explicit, and if anything was made stronger upon cross-examination.  She was an interested witness, but if her statements were believed by the trial court, they were sufficient to satisfy the rule announced in the cases cited, which requires only clear and satisfactory proof that no service was in fact made.  Nelson, who made the affidavit of service, was not called as a witness, nor was any attempt made to corroborate his affidavit or account for the absence of his evidence.  No fact was disclosed, save that of interest in the result of the suit, which in any degree impeached or lessened the credibility of plaintiff's testimony.  Her credibility was passed upon by the trial court, and this court cannot say that her evidence was not clear and satisfactory.

[3] A tax deed issued within three years without service of the required notice, is invalid.  Berry v. Howard, 33 S. D. 447, 146 N. W. 577; Cain v. Ehrler, 36 S. D. 127, 153 N. W. 941.

The judgment and order of the trial court are affirmed.