## CASE v. ALBEE.

1. Tax sale: STATUTE OF LIMITATION. Section 790 of the Revision, providing that, "no action for the recovery of real property sold for the non-payment of taxes, shall lie, unless the same be brought within five years from the date of the sale thereof for taxes," operates as a bar in those cases only where the land has been sold for the non-payment of taxes; and, in an action for the recovery of the property it may be shown, nothwithstanding the recital of the tax

deed to the contrary, that the land was not in fact sold for the non-payment of taxes.

2. —— ESTOPPEL. The fact that a person holding a tax deed for land was present at an execution sale thereof, and bid on the property against the plaintiff in the execution, who became the purchaser, and gave no notice of his title or claim thereto, will not estop him from afterward setting up his title under the tax deed, when it is not shown that the purchaser at the execution sale was not fully aware of the other's title, or that he relied on his action, or was deceived or injured thereby.

*Appeal from General Term, Twelfth District (Floyd County).*

WEDNESDAY, OCTOBER 27.

ACTION at law to recover possession of forty acres of land. The petition is in the usual form, and was filed May 7, 1869. Answer: 1. In denial. 2. Setting up title in the defendant under a tax deed, dated and recorded in *November*, 1863, and claiming the benefit of the five years' limitation provided for in section 790 of the Revision. The answer contains no allegation as to possession of the property during the five years. The tax deed was in the form prescribed by the statute. Rev. § 783. It recited a sale of the land, November 5, 1860, for the delinquent taxes of 1858 and 1859.

On the trial before the Circuit Court the defendant had judgment, which was affirmed by the General Term, the district judge dissenting. Plaintiff appeals. The other facts appear in the opinion.

*A. G. Case pro se.*

*Pratt & Root* for the defendant.

DILLON, Ch. J. — I. On the trial, the plaintiff traced his title in himself from the United States, and rested. The

1. TAX SALE: defendant, against the plaintiff's objection, then put in evidence his tax deed, dated and recorded more than five years prior to the commencement of the present action. Defendant rested. Thereupon, the plaintiff offered in evidence the assessment books for 1858 and 1859, " to prove by said book, that the said land was never assessed or listed therein, in any manner whatever;" and offered to prove, by oral and documentary evidence, "that the board of equalization never assessed the said lands for 1858 and 1859, and also to prove that it was not, in fact, listed or assessed at all for three years;" also, " that there was never any levy of any taxes on said land for said years;" also, " that there never was any tax warrant issued."

The bill of exceptions also states that the plaintiff offered to prove that " there was no cause or facts authorizing a sale of said lands on the first Monday in November, 1860, and that the land *was not sold for the non-payment of taxes* assessed and remaining due thereon, as set out in the defendant's answer and tax deed."

To this evidence the defendant objected, " on the ground that the plaintiff's action is barred by the statute of limitations (section 790 of the Revision), and that the evidence raises an equitable issue, which cannot be done in this action."

This objection was sustained, and judgment was rendered for the defendant.

The question thus arising was properly regarded by the General Term as involving a construction of section 790 of the Revision. This section, which occurs in the revenue act, provides that " no action for the recovery of real property, sold for the non-payment of taxes, shall lie, unless the same be brought within five years after the date of the sale thereof for taxes, as aforesaid," etc., etc. This section undertakes to bar actions in cases only where

the land " *has been sold* for the nonpayment of taxes." If there never has been in fact any *sale* of the land for delinquent taxes, the owner is not concluded by the tax deed, or any recital therein, from showing this fact. *McNamara* v. *Estes*, 22 Iowa, 246, 258.

Among other facts which the plaintiff was denied the opportunity to establish was, that, notwithstanding the recitals of the tax deed, " the land was *not sold* for the non-payment of taxes," etc. By this we understand the plaintiff offered to prove, not simply an *irregular sale*, but that there never was *any sale* whatever.

This he had the right to do, and the denial of this right was an error for which the judgment must be reversed.

II. The plaintiff acquired his title at a sheriff's sale of the land, on a judgment against one Green, the then owner. This was after the defendant obtained his tax deed. The defendant was present at the sale, and bid on the property against the plaintiff, and gave no notice of his title or claim therein. The plaintiff now insists that the defendant is estopped to set up his title against him.

2. —— estoppel.

But the evidence fails to show that the plaintiff was not fully aware of the defendant's title; or that he relied upon the action of the defendant, or was in any way deceived or injured thereby. There are, therefore, no sufficient facts to call into activity the alleged estoppel. In this respect we coincide with the view expressed by the judge who delivered the opinion of the General Term.

Reversed.