NICHOLS v. McGLATHERY ET AL.

1. **Tax Sale:** DOUBLE ASSESSMENT. When land is assessed to the owner and also to "owner unknown" for the same tax, the latter assessment is void and a sale thereunder confers no title upon the purchaser.

2. ——: VOID ASSESSMENT: STATUTE OF LIMITATIONS. If the sale for taxes is not simply irregular but absolutely void, it will not be protected by the statute of limitations. The owner of the land will not be charged with constructive notice of such sale.

*Appeal from Floyd District Court.*

TUESDAY, APRIL 25.

THE plaintiff, as guardian of the infant heirs of Thomas M. Evans, deceased, shows in her petition that said Evans died in August, 1861, seized in fee simple of the southwest quarter of the northeast quarter of section 18, township 93, north of range 7, west of 5th P. M. The said tract was assessed for the tax of 1859 to said Evans, and was also assessed for the same tax to "owner unknown." In January, 1861, said tract was sold for taxes under the assessment to "owner unknown." In 1872 the plaintiff paid the tax for 1859 as assessed to said Evans, knowing, however, of the said tax sale. A tax deed was executed in 1864. The defendants claim under the deed. The plaintiff asks that it be set aside. Petition dismissed. Plaintiff appeals.

*George Gray, L. D. Scobey,* and *S. P. Leland,* for appellant.

*A. G. Case* and *L. L. Ainsworth,* for appellee.

ADAMS, J.—I. Section 737 of the Revision provided that "when the name of the owner of any real estate is unknown,

1. TAX SALE: double assessment.

and the assessor finds it impracticable to obtain the same, it shall be proper and lawful to assess such real estate without connecting therewith any name but inscribing at the head of the page the words 'owners unknown.'" Previous to the Revision there does not appear to have been any provision for assessing land to "owner unknown." Assuming, however, that it might be so assessed where the owner was in fact unknown, it cannot be claimed that there was any authority of law for making such assessment where the owner was known, and especially where the land was actually assessed to the owner for the same tax. There cannot be two valid assessments for the same tax. That made to the owner is valid. It follows that if land is assessed to owner unknown for the same tax, such assesment must be void, and if a sale be made under such assessment it must also be void.

Nichols v. McGlathery et al.

It is true that when an assessment has been made the tax deed is conclusive evidence of its regularity. But where it is claimed, as in this case, that the assessment is void as made without authority of law, the regularity of the assessment is not put in issue but the fact of the assessment. Where land is assessed to the owner there is no power whatever to assess the same tax to "owner unknown." And although the pretended assessment to "owner unknown" may be made by the proper officer, it has no more validity than if made by any other person.

The assessment of the land to the owner is constructive notice to him and all the world of the tax so assessed. As there is no authority for any other assessment of the same tax, such assessment, if made, does not become constructive notice of the tax. The owner of land which is assessed to him has a right to assume that there is no other assessment for the same tax. So long as the land remains unsold upon the assessment made to him, he has a right to assume that it has not been sold at all, and to act accordingly. Any other rule would lead to the most disastrous mistakes, and that, too, because something is done which the law does not contemplate and which the land owner has no reason to expect.

II. It is claimed by the appellee that the plaintiff's action is barred by the statute of limitations. It is averred that the action was commenced more than five years after the tax deed was filed for record.

If, however, the assessment was not simply irregular, but void, there has been no sale which the law will recognize. The bar of the statute does not apply for that reason. Again, the sale being made without authority of law, and upon an assessment of which the land owner did not have constructive notice, we cannot say that he had constructive notice of the sale. He was not, therefore, guilty of laches in not bringing suit to set aside the tax deed within five years. The statute of limitations runs only against persons guilty of laches, actual or constructive.

2. ———: void assessment: statute of limitations.

We are of the opinion that a decree should be entered setting aside the tax deed, and barring the claims of all persons claiming through the same.

REVERSED.