## PATTON v. LUTHER ET UX.

1. **Tax Sale:** STATUTE OF LIMITATIONS: VOID SALE. An action to set aside a tax deed, by the original owner, will not be barred in five years from the time of the execution of the tax deed where the sale for taxes was void, or the taxes for which the land was sold had in fact been paid.

2. ——: ——:. POSSESSION. The original owner of unoccupied land sold for taxes, who has remained in consecutive possession of the same until the statute of limitations has barred the assertion of any right under the tax deed, may maintain an action in equity to quiet his title and remove the cloud created by the tax deed.

*Appeal from Boone Circuit Court.*

WEDNESDAY, DECEMBER 5.

THIS is an action in equity to set aside a tax deed, under which defendant claims title to the northwest quarter of the southwest quarter of section 23, township 82, range 25. The plaintiff alleges that the taxes for 1864, the year for which the lands were sold, had been paid before the sale, by plaintiff's grantor. The defendants deny the alleged payment of taxes, and plead the statutory limitation of five years. The court found that the taxes for 1864 were paid before the sale; that the tax deed was void, and decreed that it be canceled. The defendants appeal.

*Ritchey & Green* and *J. W. Barnhart,* for appellants.

*Hull & Ramsey,* for appellee.

DAY, CH. J.—I. The evidence, by a very fair preponderance, establishes the fact that plaintiff's grantor paid the taxes upon the land in controversy, for the year 1864, long prior to

Patton v. Luther.

the sale for taxes. No beneficial purpose would be accomplished by a review, in detail, of the evidence upon this question.

II. The defendants mainly rely upon the statute of limitations. The tax deed bears date the 11th, and was recorded on the 29th day of October, 1869. This action was commenced on the 31st day of August, 1876. The plaintiff introduced receipts for the taxes for every year from 1856 to 1875, both inclusive, with the exception of the year 1864. The land is uninclosed prairie. In May or June, 1876, the defendant, under the advice of a real estate agent, took possession of the land, and caused to be broken about one and one-half acres. In September, 1876, after this action was commenced, defendant ordered some posts and rails delivered on the land and paid for same. Section 902 of the Code provides: "No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded as above provided."

*1. TAX sale: statute of limitations: void sale.*

In order that this section may apply, the concurrence of two things is essential. *First.* The properly must have been *sold.* *Second.* The sale must have been *for the non-payment of taxes.*

1. In *Case v. Albee,* 28 Iowa, 277, it was held that, notwithstanding the lapse of five years from the recording of the deed, the original owner might show that no sale had in fact been made. In *Nichols v. McGlathery,* 43 Iowa, 189, it was held that the statute of limitations does not apply where the assessment was void, because in that case there can be no sale which the law will recognize.

2. By the express language of the statute it is necessary to give effect to this limitation that the sale shall be for, or on account of, *the non-payment of taxes.* The statute reads, no action shall lie for the recovery of real property sold for the non-payment of taxes. The fact of the non-payment of taxes must exist, and a sale because of such non-payment, or the statute in question can have no application. This position is supported by section 897 of the Code, 784 of the Revision,

which provides: "That in any case where a person had paid his taxes, and through mistake in the entry made in the treasurer's books, or in the receipt, the land upon which the taxes were paid was afterwards sold, the treasurer's deed shall not convey the title." As the taxes for the year 1864 had been paid when the sale in question occurred, section 902 of the Code does not bar the action of the original owner.

III.   There is another view of the case which is equally satisfactory, and leads to the same conclusion.  As we have seen, section 897 of the Code provides that, where the taxes for which lands are sold have been paid, the tax deed shall convey no title.  This deed then, by express provision of the statute, was utterly inoperative and void. Before the expiration of five years from the recording of it, it could not be made the basis of an active assault upon plaintiff's title, for the reason that it was void.  After the expiration of such period it could not be made the basis of such attack for the further reason that any action upon it would be barred by the statute of limitations.  *Brown & Sully v. Painter*, 38 Iowa, 456; *Laverty et al. v. Sexton & Son*, 41 Iowa, 435.

The land in question being uninclosed prairie, and not in the actual possession of any one, was, at the time of the execution and recording of the treasurer's deed, in the constructive possession of the holder of the patent title.  As the treasurer's deed, under the statute quoted, conveyed no title, it worked no change of this constructive possession.  The holder of the patent title, therefore, remained in constructive possession for more than five years from the recording of the tax deed, and until after the tax deed, by the statute of limitations, ceased to be effective for any purpose.

The statute of limitations having run against the tax deed before defendant entered upon the land in May or June, 1876, and broke one and one-half acres, such entry was a mere trespass and conferred upon defendant no rights.  But even this possession does not appear to have been continued, so that, when this action was commenced, the plaintiff was in the constructive possession of the land.  We have, then, this case; the plaintiff, the owner of the patent title, in the constructive possession

of uninclosed prairie land; the defendant, claiming the land under a deed void in its inception, and against which the statute of limitations has run. Does this statute also bar plaintiff's action to set this deed aside? In *Peck v. Sexton & Son*, 41 Iowa, 566, we held that the original owner of land sold for taxes, who has always remained in the actual possession of the land, may after the expiration of five years from the recording of the deed, maintain an action in equity to quiet his title, and remove the cloud created by the tax deed. *Laverty v. Sexton & Son*, Id., 435. No reason can be given why the same principle is not applicable to an owner who, because of the failure of the tax deed to convey any title, has remained in the constructive possession of unoccupied lands until the statute of limitations has barred the assertion of any right under the tax deed. In such case the deed is as insufficient and inoperative as though the original owner had been in the actual occupancy, and there is no reason that he should not have the same remedy

We think the decree of the court below is correct.

AFFIRMED.