DENNIS WAGGONER *et al.*, Appellees, v. JEROME MANN *et al.*, Appellants.

1. **Tax Title:** FRAUD OF AGENT: LIMITATION OF ACTIONS. Where an agent, having money of his principal in his hands for the payment of taxes upon lands which were the subject of his agency, permitted the same to be sold for taxes, and afterwards took an assignment of the certificate of sale, and in due course of time received a tax deed thereto, *held*, that the fraud of the agent was not such as would arrest the running of the statute of limitations, and that an action commenced more than five years after the execution of the tax deed was barred under the provisions of section 902 of the Code.

2. ———: SALE TO COUNTY OFFICER: VALIDITY. A sale of lands for taxes to the clerk of the board of supervisors for the benefit of the county is not void under the provisions of section 775 of the Revision of 1860.

*Appeal from Jackson District Court.*—HON. ANDREW HOWAT, Judge,

WEDNESDAY, MAY 27, 1891.

ACTION in chancery to quiet the title of certain lands in the plaintiff. There was a decree granting the relief prayed for in the petition, from which the defendants appeal.—*Affirmed.*

*Peck & House* and *D. A. Wynkoop*, for appellants.

*Ellis & McCoy, William Graham* and *W. C. Gregory*, for appellees.

BECK, C. J.—I. Under the pleadings, original and amended, which need not be set out or recited, the

1. TAX TITLE:
fraud of agent:
limitation of
actions.

plaintiffs claim title to the land under tax deeds and a sheriff's deed. Defendants claim as heirs of Richard Mann, who died in 1855. He held the fee-simple title to the land, and devised a life-estate therein to his wife, Eliza Mann, who, in 1858 or 1859, intermarried with one Spicer, and removed from the state, and never afterwards returned. It is alleged in the defendants' answer and cross-bill that she died in 1881. We discover no evidence showing the date of her death, further than that a witness for the defendant testifies that he first heard of it in 1883 or 1884. January 3, 1865, a treasurer's tax deed for the land was executed to John Van Horn, and recorded on the same day,. It is executed under and pursuant to a tax sale made December 2, 1861, to "F. Scarborough, for Jackson county." The deed recites that the certificate of sale was assigned by "F. Scarborough, clerk of the board of supervisors," to Booth and Graham, November 3, 1863, who soon after assigned it to Van Horn. The lands consisted of a quarter and an eighth of a section in different sections not contiguous. The tax deed does not show that the land was sold in separate parcels, nor the separate price for which each was sold. Three other tax deeds for parts of the land were subsequently executed upon tax sales had after the sale upon the tax deed first referred to was executed. These sales and deeds need be no more particularly referred to, as we find the consideration thereof is not necessary in order to decide the case.

In 1860 one Sanford brought an action in attachment against Eliza Spicer, to whom a life-estate in the lands had been devised as above recited, and caused her interest to be levied upon. A judgment was recovered in the action, and the lands were sold in 1860 to William Graham, who assigned the sheriff's certificate to Van Horn, and a sheriff's deed was made to him for the land, June 5, 1865. Van Horn conveyed the land

by deed of warranty, dated October 2, 1865, and filed the sixth of the same month, to Isabel, who by deed of warranty, executed in 1868, conveyed the land to John Bash and Dennis Waggoner, the plaintiff. Bash is under guardianship, and is represented in the case by his guardian, Manderschied. The defendants make their answer a cross-bill, and pray that the treasurer's tax deeds be declared void, or to have been executed for the use and benefit of defendants, upon grounds which will be stated hereafter; that the plaintiffs be required to account to the defendants for the rents and profits of the land; that their title be quieted, and that they be allowed such other and further relief as equity requires. They allege that Van Horn was Mrs. Spicer's agent, and had abundance of money in his hands to pay the taxes for which the land was sold, and it was his duty to pay them; and that the tax sales and deeds were, therefore, fraudulent and void. Other grounds of objection to the tax sales and deeds last made are stated, but, as we leave these sales and deeds out of the view we take of the case, these objections need not be discussed. In addition to the objection just stated as being urged against all of the tax sales and deeds, the defendants insist that the one first made is fraudulent, illegal and invalid, for the reason that the land was bid in by the clerk of the board of supervisors for the county; that the clerk was forbidden to purchase land at tax sales; and the county cannot acquire a tax title. It is also alleged that Van Horn had an ample amount of money received on account of Mrs. Spicer in his hands when he bought the sheriff's certificate of the sale of the lands on the Sanford judgment, which he should have used in payment of the judgment, and that his purchase, therefore, was fraudulent. It is shown that the only title acquired by Van Horn upon that sale was the life-estate of Mrs. Spicer. By an amendment to the cross-bill the defendants allege she died in 1884.

Defendants allege in this cross-bill that the plaintiffs had actual notice of the infirmities and frauds shown against the plaintiffs' title. The plaintiffs in their answer to the cross-bill deny the allegations of fraud, and of other matters pleaded against the validity of their title, and plead the limitations of Code, section 902, providing that no action for the recovery of real estate sold for the non-payment of taxes shall be maintained, unless it be brought within five years after the treasurer's deed was executed and recorded.

II. The title and interest acquired by Van Horn, through his purchase at the sheriff's sale under the Sanford judgment, was of a life-estate, and nothing more. The life-measuring duration of that estate has ended, and the remainderman or the reversioner takes the estate, and now holds it as though there had been no life-estate, which now cuts no figure in the case, further than as constituting a support for the allegations of fraud committed by Van Horn in failing to pay the taxes, and in acquiring a tax title while he had the life-estate. But these charges of fraud can only be made as to the last of those tax deeds and sales. The first was made before he purchased the sheriff's certificate of sale of the land. The effect of the fraud upon the tax title under the first deed we shall presently consider. We shall have no occasion to further consider the life-estate at one time held in the land.

III. We come now to the consideration of the decisive point in the case, which involves the tax title acquired by Van Horn under the tax sale of 1861. The sale and deed are regular, and it is not claimed that there was no assessment and levy of the taxes, or that the taxes had been paid. The proceedings leading to the sale, the sale itself, and the deed are not complained of; but it is alleged that the sale and deed are void because of the fraud of Van Horn in suffering the land to go to sale while he was Mrs. Spicer's agent, and had

her money in his hands sufficient to pay the taxes, and because of the purchase of the land by the clerk of the board of supervisors for the county.

IV. We shall now consider the effect of the alleged fraud in the acquisition of the tax titles. Under the prior rulings of this court, the statute of limitations provided by Code, section 902, is not arrested by reason of fraud of this character. If there is no sale, no notice of the expiration of the right to redeem, required by Code, section 894, no assessment or levy of the tax, or the tax has been paid, or for any other reason there existed no power or jurisdiction to sell the land for taxes, the sale is absolutely void, and a tax deed may be assailed on these grounds after the period of limitations prescribed by Code, section 902. *Case v. Albee*, 28 Iowa, 277; *Hillyer v. Farneman*, 65 Iowa, 227; *Wilson v. Russell*, 73 Iowa, 395; *Early v. Whittingham*, 43 Iowa, 162; *Nichols v. McGlathery*, 43 Iowa, 189; Code, sec. 897; *Patton v. Luther*, 47 Iowa, 236. But if the tax proceedings, assessment, levy and sale are irregular, voidable only, as in the case of sales of two or more tracts together for a gross sum, the failure to make entry of the delinquency of prior years and the like, or in any case there existed the jurisdiction or power to sell, which was irregularly or defectively exercised, the limitations of section 902 can be pleaded. *Thomas v. Stickle*, 32 Iowa, 71; *Peirce v. Weare*, 41 Iowa, 378; *Bullis v. Marsh*, 56 Iowa, 747; *Griffin v. Bruce*, 73 Iowa, 126; *Monk v. Corbin*, 58 Iowa, 503.

V. It may be assumed that the fraudulent acts complained of by the defendants in the cross-bill are established by the evidence that Van Horn was the agent of Mrs. Spicer, and did have her money in his hands at the time of the acquisition of the tax title sufficient to pay the taxes, and in other respects acted fraudulently, all of which was known to the plaintiffs. Code, section 897, declares that, if fraud of the pur-

chaser be established, "the sale and title shall be void."
But the word "void," in this connection, has been
construed by the court to mean "voidable;" and,
therefore, the fraud of the purchaser will not take the
case out of the operation of the limitations prescribed
in Code, section 902. *Van Shaack v. Robbins*, 36 Iowa,
201; *Ellis v. Peck*, 45 Iowa, 142.

VI.   It is insisted that the first tax sale and deed,
which we hold supports the plaintiff's claim of title,
are void, under Code, section 885 (Revision,

2. ——: sale to
county officer:
validity.

sec. 775), which declares that sales of
land for taxes to any county treasurer or
auditor (clerk, under Revision, section 775, in force
when the sale was made) "shall be void."   The word,
in the connection in which it is here used, has the same
force and meaning given to it in *Van Shaack v. Robbins*,
*supra*.   This is so held in *Ellis v. Peck*, 45 Iowa, 112.
See *Truesdell v. Green*, 57 Iowa, 215, applying *Ellis
v. Peck*.   *Henderson v. Oliver*, 28 Iowa, 20, cited by the
defendants' counsel, does not hold that a sale forbidden
by Code, section 885 (Revision, sec. 775), is abso-
lutely void, but rather supports the views we have just
stated.   But, indeed, we are not prepared to hold that,
under the statute just cited, a clerk or auditor of a
county may not, for a proper purpose, not connected
with his own interests, but to protect the interest of the
county, purchase land at a tax sale.   If the county, to
protect a title to land, or to enforce a claim thereon, or
for any other proper purpose, acquire a tax title to the
land, undoubtedly it possesses the power and right to
do so, through its clerk or other officer or trustee.
See *Allen v. Cerro Gordo Co.*, 34 Iowa, 54; *Page Co.
v. Emigrant Co.*, 41 Iowa, 115.   The doctrines above
stated, which are well established by the decisions of
this court, lead to the conclusion that the defendants'
action, assailing the validity of the tax sale and deed
first acquired, and considered in this opinion, is barred

by the limitations prescribed by Code, section 902, and
that the district court rightly dismissed the defendants'
cross-bill, and granted the relief prayed for in the plain-
tiffs' petition.

The decree of the court below is, therefore,
AFFIRMED.