THOMAS SNELL, Appellee, v. DUBUQUE & SIOUX CITY RAILWAY COMPANY *et al.*, Appellants.

1. **Tax Sale**: FOR DELINQUENT TAXES NOT BROUGHT FORWARD: VALIDITY. A sale of land for delinquent taxes for a former year, not brought forward and entered upon the treasurer's tax list, according to section 845 of the Code, is invalid.

2. ———: DEFECTIVE NOTICE TO REDEEM: VALIDITY. A sale of land for taxes, without giving the statutory notice to redeem to the person in whose name the land is taxed, is invalid.

3. **Tax Deed**: INVALIDITY: ASSAULT WITHIN FIVE YEARS: PLEADING. Where a tax deed was assailed within five years of its execution by pleadings alleging in general its invalidity, *held*, that, in the absence of a motion for a more specific statement, such pleadings were sufficient to avoid the bar of the statute in such cases, without alleging the particular defects relied upon.

4. ———: ———: PLEADING: OMISSION OF CLERK TO ENTER ON APPEARANCE DOCKET. Where a pleading assailing a tax deed as invalid was filed with the clerk of the court, and attached to the papers in the cause, within five years after the deed was issued, but the clerk made no memorandum of the filing in the appearance docket, *held*, that upon the omission being called to the attention of the court after the expiration of the five years, the court properly ordered that the pleading be entered on the appearance docket as of the date of filing.

5. ———: ACTION TO REDEEM: FORM OF. Where an action brought to quiet title as against a tax title, was treated by the court as an action to redeem, and the plaintiff was required to reimburse the defendant for the taxes he had paid, and no complaint was made by the defendant as to the amount awarded, *held*, that the latter had no ground to complain of the form of the action.

6. **Costs**: TAXATION: REVIEW ON APPEAL. The taxation of costs by the trial court will not be reviewed on appeal, where there has been no motion below for a retaxation.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, MAY 23, 1893.

THIS is a suit in equity and it involves the title to a tract of land in Webster county. There was a trial on the merits and a decree for the plaintiff. The defendant, W. G. Watters, appeals.—*Affirmed.*

*R. M. Wright,* for appellant.

*Frank Farrell,* for appellee.

ROTHROCK, J.—The action was commenced in June, 1885. The plaintiff claimed the land under the act of congress approved September 28, 1850, relating to swamp lands. The defendant railroad company claimed title to the same land under the act of congress approved May 15, 1856, granting certain lands to the state of Iowa to aid in the construction of a railroad from Dubuque to a point on the Missouri river near Sioux City and other roads. The cause was tried on the issue thus made, and there was a decree for the plaintiff. An appeal was taken to this court, and the decree was affirmed. See 78 Iowa, 88.

F. T. Walker, one of the defendants, made an independent claim of title under a tax deed for the land, which deed was executed on the twenty-fourth day of September, 1883, in pursuance of a sale of the land for taxes made on the fifteenth day of January, 1880, for the delinquent taxes of the year 1878. A hearing was had on this issue in November, 1891, which resulted in a decree to the effect that the tax title was invalid. It is from this decree that the present appeal is taken. Walker, who was claimant under the tax title, had conveyed the land to W. G. Watters, and the trial was had between the plaintiff and Watters.

I.   The tax deed is claimed to be invalid upon two grounds.   The first ground is that, when the tax sale was made, the tax list for 1879 was in the hands of the county treasurer and the delinquent tax of 1878 was not brought forward and entered on the tax list of 1879 before the treasurer proceeded to make the sale.   This is required to be done by section 845 of the Code.   The tax sale was, therefore, invalid.   *Gardner v. Early*, 69 Iowa, 42; *Barke v. Early*, 72 Iowa, 273.

**1. TAX SALE: for delinquent taxes not brought forward: validity.**

II.   The second ground upon which the invalidity of the tax title is claimed is that the notice of expiration of redemption required by statute was not given to the person in whose name the land was taxed, nor to the person in possession.   The evidence shows beyond all question that the notice was not served on the person in whose name the land was taxed.   This alone is sufficient to invalidate the deed.

**2. ——: defective notice to redeem: validity.**

III.   Counsel for the appellant seeks to avoid the effect of these omissions by claiming that the deed was not attacked on these grounds by any pleading in the case within five years after the tax deed was made.   It is true that no attack was made within that time upon the deed upon the specific ground that the delinquent taxes were not carried forward.   But the deed was attacked by general averments that it was void, and there was no motion for more specific statement.   The pleadings all through, within the five years, abound in averments and allegations as to the invalidity of the tax deed.

**3. TAX deed: invalidity: assault within five years: pleading.**

IV.   One of these pleadings was filed April 30, 1887, and so marked by the clerk of the court, and was attached to the files in the case, but no memorandum of the filing was entered on the appearance docket.   The pleading remained on the files without being ques-

**4. ——: ——: pleading: omission of clerk to enter on appearance docket.**

tioned until 1891, when it was attacked by Watters as not being a pleading in the case. The court disregarded this attack, and ordered that it be entered on the appearance docket as filed at the time it was delivered to the clerk and marked 'Filed.' There was no error in this ruling.

V. It is claimed that the action should have been in the form of an action to redeem from the tax sale,

5. ——: action to redeem: form of. and not an action to quiet title. The court treated it as an action to redeem, and required the plaintiff to reimburse the defendant for the taxes he had paid. In view of all the pleadings in the case, we think this was proper. No question is made that the amount awarded by the court was not sufficient.

VI. Complaint is made because the court taxed the cost of the motion to the appellant. It is a suffi-

6. COSTS: taxation: review on appeal. cient answer to this objection that no motion was made in the court below for retaxation of the costs. Code, section 3168; *Cox v. Mason City & Ft. Dodge R'y Co.*, 77 Iowa, 20; *Allen v. Seaward*, 86 Iowa, 718.

The decree of the district court is AFFIRMED.