CAIN, Respondent, v. EHRLER et al., Appellants.

(146 N. W. 694.)

1. **Taxation—Tax Deed—Proof of Notice of Expiration of Redemption—Jurisdiction to Issue Deed—Divestiture of Title.**

Where no affidavit of service of notice of expiration of right of redemption was served on behalf of holder of tax sale certificate, pursuant to Laws 1890, Ch. 151, making such affidavit or the record thereof, when filed by county treasurer, presumptive evidence of completed service of such notice, and until 60 days after such service the right of redemption shall not expire, **held**, that the treasurer was without jurisdiction to issue a tax deed, and a deed issued without such proof did not divest owner's title to the land taxed.

2. **Constitutional Law—Taxation—Tax Deed—Non-proof of Service of Notice—Limitations—Due Process of Law.**

Under Pol. Code, Sec. 2214, barring all former owners of land and their successors from taking action to recover land sold for nonpayment of taxes after three years from recording tax deed, **held**, that where no affidavit of service of notice of expiration of redemption had been filed with county treasurer, pursuant to Laws 1890, Ch. 151, the former owner was not barred from suing to recover the land taxed; since, if a deed issued without such notice were construed as divesting title, or as extinguishing right of redemption, the effect would be to violate the due process of law clause in Const., Art. 6, Sec. 2.

3. **Real Property—Title—Color of Title—Ten-year Limitations.**

A tax deed, fair on its face, though insufficient to divest the owner of title because issued without proof of notice of expiration of redemption, was color of title, so as to start running the ten-year statute of limitations.

4. **Same—Ten-year Limitations—Claimant Under Payment of Taxes—Occupancy Part of Time, Effect on Claim Under Tax Payments.**

While occupancy of land by holder of tax deed, during most of the ten-years period prescribed by Sections 54 and 55, Code Civ. Proc., is not sufficient to satisfy Sec. 54, yet such occupancy does not weaken the right accruing from compliance by him with Sec. 55 in paying taxes for ten years; such right being unaffected by such actual occupancy.

5.   **Tax Title—Ten-year Payment of Taxes—Redemption From Delinquent Taxes, Effect of.**

> A redemption from a delinquent tax sale is not a payment of the tax for which the sale was made, under Code Civ. Proc., Sec. 55, giving title by payment of taxes for ten successive years to holder of tax deed under color of title.

(Opinion filed April 13, 1914.)

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

Action by James Cain against Wilhelmina Ehrler and another, as heirs of Gustave Lehmann, deceased, to quiet title. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and remanded for further proceedings.

*J. H. Cole,* for Appellant.

As to the three year limit—It is not sufficient that a deed be fair on its face. 1903 Code C. P. 399, Sec. 2214; Bandow v. Wolven, 23 S. D. 124.

Jurisdictional defects in the assessment roll as to description of land, defeat title under 3 year limit although deed regular on face. Jackson v. Bailey, 19 S. D. 594; Moran v. Thomas, 19 S. D. 469; II Desty. on Tax. 961-Sec. 148; citing Biddleman v. Brooks, 28 Calif. 72, & 10 Ia. 192.

Plaintiff allowed the land to go to tax sale for subsequent taxes of years 1895, 6 & 7, and a redemption, in case of 1st two years cannot be considered a "payment of taxes." 18 S. D. 109.

A party must bring himself fully under one or the other of the sections 54 or 55, C. C. P.—one providing as to "land occupied" and the other as to "Vacant and unoccupied."

*Roy T. Bull,* for Respondent.

Plaintiff has been in actual possession of the land under his warranty deed from John Pyle, for over thirteen years, and had paid all taxes against the same before delinquent, for over twelve years

This recording cuts out the interest of the widow, under Section 1620 Code of 1887, or Section 2214 Political Code 1903, as amended by Chapter 70, Laws of 1903.

Section 2214 Rev. Pol. Code, bars any action to set aside the tax deed for anything alleged as fatal thereto prior to the

giving of the notice of intention to take out tax deed. Bandow
v. Wolven, 23 S. D. 124, 120 N. W. 881; Cornelius v. Fergu-
son, 23 S. D. 187; 121 N. W. 91.

Such deed could not be avoided by mere     irregularity
in the tax proceedings. Stoddard v. Lyons, 18 S. D. 207-217;
99 N. W. 1116; see also, N. W. Mort. Trust Co. v. Levtzow,
23 S. D. 562; 122 N. W. 600; Sobek v. Bidwell, 24 S. D. 469;
124 N. W. 431; Lauderdale v. Pierce, 27 S. D. 460; 131 N.
W. 514; Gibson v. Pekarek, 27 S. D. 423; 131 N. W. 728;
Beggs v. Paine, (N. D.) 109 N. W. 322; see Black on Tax Titles,
2nd Ed. Sec. 112-114.

POLLEY, J.   Action to quiet title:  On the 15th day of
January, 1890, one Gustave Lehmann died seized in fee of the
quarter section of land in Hand county, which is the subject of
this action.   He left surviving him, as his sole heirs-at-law, his
widow—who remarried and is now Wilhelmina Ehrler, and a
daughter, Alma Lehmann—who was born on the 25th day of
July, 1889.   Said heirs are the defendants in this action, and
were the owners in fee of the disputed premises at the time of
the delinquent tax sale, in 1890.

The taxes on said land for the year 1889 were not paid,
and, at the delinquent tax sale in 1890, it was sold for the pay-
ment of said taxes.  No redemption having been made from the
said sale, the county treasurer, on the 21st day of September, 1893,
issued a tax deed to the holder of said tax sale certificate.  This
deed is regular and valid on its face and is the basis of plaintiff's
title as the successor in interest of the grantee in said tax deed.

Plaintiff commenced this action in October, 1903, under the
provisions of chapter 194, Laws of 1903, alleging ownership of
said land, and that the defendants are proper parties defendant.
At the time of Lehmann's death, both he and defendants were
residents of the state of Illinois, and the defendants have con-
tinued to reside there ever since.  Defendants, by their answer,
set up numerous irregularities in the proceedings of the taxing
officers of Hand county leading up to, and the issuance of, the
said deed, alleging, among other things, that no notice of the ex-
piration of the period of redemption and that tax deed would
issue, was ever given by the holder of the said tax sale certificate,
and prayed for judgment quieting title in themselves and for

$1,500 as rents and profits from said land during the time it had been occupied by the plaintiff.

To such answer, the plaintiff interposed a reply, in which he pleaded both the three year and the ten year statute of limitation, and that he had made permanent improvements upon said land of the reasonable value of $500. Plaintiff had judgment for the land and defendants appeal.

[1] If the three year statute of limitations applies, defendants have no standing in court, and the judgment appealed from must be affirmed; but it is contended by appellants that no legal notice of the issuance of the tax deed was ever given, and that, because no such notice was given, the treasurer was without jurisdiction to issue the deed and that the recording of the same did not set the three year statute to running. Chapter 151, Laws of 1890, was in force at the time of the making of the tax sale in question, and, therefore, must govern in this case: Gibson v. Pekarek, 25 S. D. 281, 126 N. W. 597, Ann. Cas. 1912, B, 944. This chapter provided that: "The lawful holder of the certificate of purchase shall cause a notice to be served upon the person in possession of such land or town lot unredeemed and also also upon the person in whose name the same is taxed, * * * Service shall be deemed complete when an affidavit of the service of said notice and of the particular mode thereof duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed. Such affidavit shall be filed by the treasurer and entered upon the records of his office, and said record or affidavit shall be presumptive evidence of the completed service of notice herein required and, until sixty days after the service of said notice, the right of redemption from such sale shall not expire." Notice of the expiration of the right of redemption, addressed to the deceased, Gustave Ehrler, was published, but no affidavit signed or verified by the holder of the certificate, or his agent or attorney, was ever filed with the treasurer. This being the case, no completed service was ever made, and, under the last clause of the above quoted statute, the period of redemption had not expired at the time the treasurer issued the deed; and, therefore, he was without jurisdiction to issue the same, and such deed did not divest the defendants of their

title to the disputed premises: Rector & Wilhelmy Co. v, Maloney, 15 S. D. 271, 88 N. W. 575. So far as their right of redemption was concerned, it was exactly the same after the issuance of the deed as before: Darling v. Purcell, 13 N. D. 288, 100 N. W. 726; Cruser v. Williams, 13 N. D. 284, 100 N. W. 721.

[2] But it is contended by respondent that, although the deed was issued without authority, appellants have failed to take any steps to cancel the same within three years after the recording thereof, they are barred by the provisions of Section 2214, Political Code, from questioning its validity. Upon its face, this section of the statute purports to bar all former owners of land and their successors in interest from maintaining any action to recover land that has been sold for non-payment of taxes, or to assert their claim thereto, unless the same is commenced within three years after recording the tax deed. The language of the statute is very broad and includes every case where land has been sold and conveyed for non-payment of taxes. It makes no allowance for infancy or other disability, or for lack of authority or jurisdiction on the part of the officer issuing the deed; and, if accepted literally, it would be immaterial by what authority or under what conditions a county treasurer issued a tax deed. Even though redemption had already been made or where no tax had ever been levied, or if the land affected were not taxable when the tax was levied. If the former owner did not commence his action to have such deed cancelled within three years after it had been recorded he would be forever barred from asserting his claim. No such effect, however, has been accorded to this statute by the courts; and, to permit such a result would be a violation of section 2, article 6 of the Constitution. Most, if not all, of the states have short statutes similar to the one under consideration relative to tax deeds, but it is generally held that there are certain defects in the proceedings leading up to the issuance of the tax deed, or that may appear upon the tax deed itself, that will prevent the running of such statutes. It has been held that, if the deed does not substantially comply with the form prescribed by the statute, the three year limitation does not bar an action: Daniels v. Case, (C. C.) 45 Fed. 843; Moore v. Brown, 11 How 414, 13 L. Ed. 751; Lane v. Shepherdson, 18 Wis. 59: Towle v. Holt. 14 Neb. 221; 15

N. W. 203; Pearce v. Titsworth, 87 Mo. 635; Beggs v. Payne, 15 N. D. 436; 109 N. W. 322; Matthews v. Blake, 16 Wyo. 116, 92 Pac. 242, 27 L. R. A. (N. S.) 339, and note. Nor where the land attempted to be conveyed was sold without authority of law: Surgett v. Newman, 42 La. Ann. 777, 7 So. 731, Nor where the deed was issued upon a void assessment: Nichols v. McGlathery, 43 Ia. 189; Early v. Whittingham, 43 Ia. 162. Nor where the sale upon which the deed issued was made prior to the date fixed by law for holding such sales: Gomer v. Chaffee, 6 Col. 314. Nor where the purchaser at the tax sale was under contract obligation to pay the tax for which the property was sold: Carithers v. Weaver, 7 Kan. 110. Nor where the tax for which the land was sold and had been paid prior to the sale: Patton v. Luther, 47 Iowa, 236. Nor where the description of the property in the deed was different from the description thereof in the assessment roll: Bird v. Benlisa, 142 U. S. 664, 12 Sup. Ct. 323, 35 L. Ed. 1151; 12 Sup. Ct. Rep. 323.

In Shelley v. Smith, 66 N. W. 172, the Supreme Court of Iowa, in considering a statute precisely like chapter 151, Laws of 1890, in speaking of the notice, said: "This requirement is absolute, and a failure to observe it will afford ground for setting aside the tax deed. Bradley v. Brown, 75 Iowa, 180, 39 N. W. 258; Callahan v. Raymond, 75 Iowa, 307, 39 N. W. 511; Rice v. Bates, 68 Iowa, 394, 27 N. W. 286; Ellsworth v. Low, 62 Iowa, 179, 17 N. W. 450; Wilkin v. Wilkin, 91 Ia. 652, 60 N. W. 194; Cornoy v. Wetmore, 92 Ia., 100, 60 N. W. 246; Snell v. Railway Co., 88 Ia., 444, 55 N. W. 310. When the required notice has not been given, Sec. 902 of the Code, which provides that 'no action for the recovery of real property for the nonpayment of taxes shall lie unless the same be brought within five years after the treasurer's deed is executed and recorded,' does not bar an action by the owner of the land to redeem. Slyfield v. Barnum, 71 Iowa, 245, 32 N. W. 270; Wilson v. Russell, 73 Iowa, 395, 35 N. W. 492; Hillyer v. Farneman, 65 Iowa, 227, 21 N. W. 578." And this court has held that, where the description of the land in the assessor's book is not sufficient to properly identify the land, the treasurer is without jurisdiction to issue the deed and the three year statute does not apply. Moran v. Thomas, 19 S. D. 469, 104 N. W. 212; Jackson v. Bailey, 19 S. D. 594; 104 N.

W. 268. The failure on the part of the holder of the tax sale certificate to give the statutory notice of the expiration of the period of redemption and to make and file proper return thereof was not a mere irregularity, but was the omission of one of the most important steps in the proceeding to divest the appellants of their title to the land.

In this case, no notice of the period of redemption having been served on the parties entitled to such notice, they were: "Not officially apprised," as said in Rector v. Maloney, supra, "of the expiration of the time limited for the redemption of his land and his right to redeem was not thereby extinguished." If the right to redeem was not extinguished, certainly the statute was not set in motion by the recording of the deed, and the appellants are not barred thereby.

This conclusion renders it unnecessary to examine the alleged omissions and irregularities that occurred prior to the delinquent tax sale; and this brings us to the ten year statute, for, conceding that appellants are right in their contentions in respect to the three year statute, the deed when issued, being fair upon its face, constituted color of title, and, so far as the deed itself is concerned, that is all that is necessary to set the ten year statute in motion. Whether that statute will operate as a bar in a particular case or not depends upon other conditions to be performed after the issuance of the deed.

In this case, it is claimed by appellants that respondent is not entitled to the benefit of this statute: First, because respondent and his predecessors in interest had not been in possession of said land for ten years under said tax deed prior to the commencement of the suit, as required by section 54, Code Civ. Proc., and that the land was not vacant and unoccupied land, as provided for in section 55; second, because he did not, under color of title, pay taxes thereon for ten successive years as required by said sections; and, third, because respondent did not have "color of title made in good faith" as required by said sections.

As to appellants' first contention; the record shows that, at the time the tax deed was issued and recorded and for three or four years thereafter, the land was vacant and unoccupied, and that, for the remainder of the ten year period, the respondent was in the actual possession and occupancy thereof. Actual posses-

sion and occupancy of the land for a portion of the ten year period is not sufficient to satisfy section 54, but section 55 could have been satisfied without occupancy at all.

[4] The question then becomes: Does occupancy for a portion of the time, together with a compliance with the conditions of Sec. 55 for the full time, weaken the right that would accrue from a compliance with the conditions of that section without such occupancy? We know of no reason why it should, and believe if any distinction were to be made because of such occupancy it should strengthen, rather than weaken, the occupant's title. We hold that the rights that may be acquired by a compliance with the provisions of section 55 are in no wise affected by the actual occupancy of the land by one holding under a tax deed during a portion of the ten year period. Of course if the occupancy were by the adverse claimant an entirely different case would be presented and a different result would follow.

On appellant's second contention, the record shows the tax deed to have been recorded on the 22nd day of September, 1893, and that this action was commenced on the 31st day of October, 1903—more than ten years after the deed was recorded. On the 9th day of November, 1894, the holder of the tax title paid the taxes that had been levied on the land for the year 1893; taxes for subsequent years, down to and including the 1902 tax, which was paid October 6, 1903, with the exception of the taxes for the years 1895, '6, and '7, were paid by the holder of the tax title before they became delinquent and prior to the commencement of this action.

[5] The taxes for the years 1895, '6 and '7 were allowed to become delinquent and the property went to sale in payment thereof; but the respondent redeemed from these sales by paying these taxes in full prior to the commencement of the action; and this, he contends, complied with the statute relative to the payment of taxes. In this contention, appellant is wrong. A redemption from a delinquent tax sale is not a payment of the tax for which the sale was made, within the provisions of this statute. Sections 54 and 55, Code Civ. Proc., are adopted from the statutes of the state of Illinois—Rev. St. Ill. 1899, §§ 6 and 7, Ch. 83, where the statute has been in force practically as it is now since 1839. Under that statute, the Supreme Court of Illinois

repeatedly held, prior to the adoption of the statute in this state, that a redemption from a tax sale does not amount to a payment, under that statute, of the taxes for which the sale was made: Woodruff et al., v. McHarry, 56 Ill. 218; Holbrook v. Dickenson, Id. 498; Wettig v. Bowman, 47 Ill. 17; and, again, in Hart v. Randolph, 142 Ill. 521, 32 N. E. 517. The same rule has been adopted under a similar statute in California: McDonald v. Mc-Coy, 121 Cal. 55, 53 Pac. 421, and in Colorado: Webber v. Wannemaker, 39 Col. 425, 89 Pac. 780.

This disposes of respondent's rights, so far as the ten year statute is concerned, and renders a consideration of appellants' third contention unnecessary. Neither is it necessary to consider the other alleged errors presented by appellants' assignments.

Appellants' right of redemption was not extinguished by the issuance of the tax deed, and their right to assert their claim not having been barred by any subsequent act nor by any statute, it necessarily follows that appellants should be allowed to redeem. The trial court should have ascertained the amount necessary for that purpose: also what, if any, credit appellants are entitled to on account of the rental value of the land, as well as what, if any, credit respondent is entitled to for improvements placed upon the land by him.

The judgment and order appealed from are reversed and the case remanded for further proceedings according to law.