ULRICKSON, Respondent, v. ULRICKSON, Appellant.

(173 N. W. 742).

(File No. 4558.   Opinion filed August 15, 1919.)

1.  **Quieting Title—Divorce Decree Granting Use to Wife, With Future Reconveyance—Husband as "Record Owner."**

Under a decree of divorce granting to defendant wife the use for ten years of land whose title and ownership were in the husband, she to make repairs and commit no waste, the husband to pay all taxes until a conveyance to her at expiration of ten years of a one-third interest therein; husband having failed to pay the taxes, tax deed pursuant to delinquent sale having issued, which tax title became vested in the wife, husband having failed to convey the one-third interest, but offered to pay all taxes he should have paid and to execute the deed to her pursuant to decree; held, that the husband was the "record owner" of the legal title within meaning of Rev. Code 1919, Sec. 6804, requiring notice of expiration of redemption period, etc.

2.  **Taxation—Tax Title, Notice re Tax Deed, Service on Divorced Wife by Usufruct, Non-service on Husband Title Owner, Effect.**

Where, under a divorce decree the wife was given control and use of realty for a term of years, title remaining in husband, held, that notice of taking out tax deed, served upon the wife who was not in possession, and not served upon the husband in possession and holder of legal title, is invalid, under Rev. Code 1919, Sec. 6804, requiring service of notice upon record owner; and the tax deed based on such notice was void. **Held,** further, that the ex rel affidavit required by Rev. Pol. Code 1903, Sec. 1849, was essential to proof of valid publication of such notice.

Whiting, J., concurring specially.

15—Vol. 42, S. D.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Ole O. Ulrickson, against Trena Ulrickson to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Boyce, Warren & Fairbank,* for Appellant.

*A. B. Carlson,* for Respondent.

(2) To point two of the opinion, Appellant cited:

Caldwell v. Pierson, (S. D.) 159 N. W. 124.

Respondent cited:

Re ex rel, affidavit; McKinnon v. Fuller (S. D.) et al., 146 N. W. 910.

McCOY, J. In this case findings and judgment were in favor of plaintiff, and defendant appeals. The action was instituted to determine adverse claims, equities, and title to certain real estate. The findings of fact show, among other things, that respondent, the plaintiff below, acquired title to said land in 1899; that in November, 1903, a division of said land was made between the appellant and respondent by a judgment and decree of the circuit court in a divorce action, in which it was provided that appellant should have the control and full use of said premises for the period of ten years from October 7, 1903, being the time when the youngest child of said parties would arrive at full age; that at the expiration of said ten years the respondent should make, execute, and deliver to appellant a warranty deed of an undivided one-third of said premises free and clear of all liens and incumbrances; that appellant should commit no waste, and at her own proper expense should make all necessary repairs; that appellant should at her own proper cost and expense care for, clothe, and educate the children; and that respondent should pay all taxes assessed against said land during each year until the conveyance of said one-third part thereof to the appellant. Respondent did not pay the taxes assessed against said land, but permitted the premises to be sold at tax sale on the 8th day of November, 1909, for the taxes assessed against said property for the year 1908; the certificate of tax sale being issued to one Foster, the purchaser, who thereafter assigned said certificate to a son of appellant and respondent. Thereafter in April, 1912, a tax deed was issued to said son, and which tax deed was

duly filed for record and recorded on the 6th day of May, 1912, and thereafter in July, 1912, the said son, by a quitclaim deed, conveyed said premises to appellant. Respondent did not at the end of the ten-year period, or at all, execute and deliver to appellant a deed of conveyance of one-third of said premises in accordance with the terms of said decree. The court found that respondent in good faith had offered and was willing to pay all taxes assessed against said property, which he should have but did not pay, and that he had offered to execute a deed to appellant for said property in accordance with said judgment and decree. The court also found that said tax deed was void as against respondent.

The main contention of appellant is that the tax deed was fair and regular on its face, and that all respondent's right, title, and interest in said real estate, and his right to question the validity of said tax deed, was barred by the three years' statute of limitations provided for under section 6825, Rev. Code 1919. The specific ground upon which the trial court held the tax deed void was that no notice of the expiration of the right of redemption from the tax sale was ever served upon respondent, and that he had no notice of the tax certificate and deed until May, 1917, immediately before the beginning of this action, and that there was no proof of service of said notice ever made and filed as required by law.

[1, 2] We are of the opinion that the court committed no error in holding the tax deed void. The deed itself was prima facie evidence that proper notice had been given, but we are of the view that the evidence submitted was sufficient to overcome the presumption arising from the deed. The statute provides that certain proofs shall be made and filed as a condition precedent to the issuance of a tax deed. Section 6804, Rev. Code 1919. There is no proof that the notice of expiration of redemption was served on the owner or on the person in possession of the land. Caldwell v. Pierson, 37 S. D. 546, 159 N. W. 124; Cain v. Ehrler, 33 S. D. 536, 146 N. W. 694; Id., 36 S. D. 127, 153 N. W. 941; Hardy v. Woods, 28 S. D. 151, 132 N. W. 692. There was proof that such notice was served on the defendant, but there is no proof that she was in possession of the land. Plaintiff was the record owner of the legal title. In San-

dys v. Robinson, 26 S. D. 281, 128 N. W. 484, it was held that the proof of publication of such notice must have att: ched thereto the ex rel. affidavit required by section 1849, Rev. Pol. Code 1903. Such affidavit is lacking in the proof of publication in this case. Hence we are of the opinon that the court did not err in rendering judgment that said deed was void. All assignments of error have been considered.

Finding no error in the record, the judgment and order appealed from are affirmed.

WHITING, J. While I am still of the view that the decision of this court in Cain v. Ehrler was wrong, yet certainty as to the law is essential to public welfare, and I therefore recognize the decision in that case as the settled law of this state. I concur in the above opinion.