JACKSON, Respondent, v. BARTA et al., Appellants

(49 N. W.2d 244)

(File No. 9173.   Opinion filed September 10, 1951)

George D. Lampert, Custer, for Defendant and Appellant.

due and unpaid thereon, in the name of the county in which the sale takes place, such county acquiring all the rights, both legal and equitable, that any purchaser could acquire by reason of such purchase: Provided, that whenever any county shall acquire an interest in real property, or any rights with respect thereto, by reason of the same having been bid off in the name of the county as herein provided, such real property shall not be again advertised and sold for delinquent taxes so long as the county retains its interest in and rights to such real property; and provided, further, that all taxes subsequently accruing against such real property, or that were unpaid at the time of such sale and a lien thereon but not included in such bid, shall be considered as 'subsequent tax,' and before the county can make an assignment of such interest in and rights to such real property, or before an assignment of the certificate of such sale is made, all such taxes must be paid in full, including the amount for which such real property was so bid off, unless a compromise thereof is made as permitted by law, in which case the amount at which such compromise is made must be paid." § 6794, Rev.Code 1919, continued as SDC 57.1108.

The contention made under this statute is that the certificate of sale on which the tax deed was issued, and under which plaintiff claims title, was invalidated by a subsequent sale of the land for taxes.

The facts are undisputed. Plaintiff's title rests upon a tax sale to Fall River county at the annual tax sale of 1924 for the 1923 taxes. Deed to the county and resale proceedings wherein plaintiff became the purchaser of the land followed. At the annual tax sale of 1927, and while the certificate of sale for the 1923 tax was held by Fall River county, the land was again sold to Fall River county for the 1926 tax, and a certificate of sale issued which stands on the records of the office of the treasurer in the name of Fall River county. Predicated upon these facts it is asserted that the second sale must be considered as a waiver of the right, title, and interest the county acquired under the 1924 certificate of sale.

It is undisputed that no person is claiming under the subsequent tax sale. Therefore we need not determine

whether such a subsequent sale could create rights in the property. The attorney general has ruled that such a subsequent sale creates no such rights. '28 A.G. 289.

█ The intention of the legislature is not in doubt. In clear words it has prohibited such a subsequent sale so long as the county retains its interest under the prior sale. Therefore, we have no hesitancy in holding, in the circumstances before us, that the validity of the 1924 certificate of sale for the 1923 taxes and the title resting thereon was not impaired by the irregular sale of 1927 for the 1926 tax.

The next contention deals with the notice of the expiration of the right of redemption and the proof of service thereof, and arises under statutes reading as follows: "All real property bid in by the treasurer in the name of the county, and not redeemed or assigned within two years from the date of sale, shall, upon the treasurer giving the notice required by law, become the property of the county, and the treasurer shall issue a tax deed therefor to the county in the same manner as to individual purchasers." § 6803, Rev. Code 1919, Cf. SDC 57.1122.

"* * * the lawful holder of such certificate shall cause a notice to be served upon the owner of record of the real property so sold, upon the person in possession thereof and also upon the person in whose name the same is taxed and upon the mortgagee named in any unsatisfied mortgage then in force upon such real property of record in the office of the register of deeds of the county in which the same is located, * * *. Such notice shall be signed by the lawful holder of the tax sale certificate, his agent or attorney, stating the date of sale, the description of the property sold, the name of the purchaser and of the assignee, if any, and that the right of redemption will expire and a deed for such real property will be made upon the expiration of sixty days from the completed service thereof. Personal service of such notice in the manner provided by law for the service of summons shall be made upon such of the above mentioned persons as reside within the state, but when any of such persons are nonresidents of the state, such notice may be served upon such nonresidents by publishing such notice * * *. The service of such notice shall be deemed complete

when an affidavit of the service of such notice and of the particular mode thereof, duly signed and verified by the person or officer making the service, shall have been filed with the treasurer authorized to execute the tax deed, and such record or affidavit shall be presumptive evidence of the completed service of the notice herein required, and until sixty days after the service of such notice the right of redemption from such sale shall not expire. * * *'' § 6804, Rev.Code 1919, Cf. SDC 57.1119.

The facts upon which this contention is based are as follows: .

Vitus Disch received a patent to the land in question on May 31, 1923. A photostatic copy of this patent was filed in the office of the register of deeds of Fall River county on November 22, 1948, but the original was never placed of record. Disch vacated the land in 1922 and has not since been in possession thereof. The land has been used by everybody for grazing. Thus it is undisputed that during the times involved in these tax proceedings the land was without a record owner and no person was in possession thereof. It was taxed in the name of Vitus Disch.

The notice of redemption was prepared on a printed form. The only point made with reference to its form deals with the manner in which it was addressed. The printed form reads in part as follows: "To ———— owner of record ———— person in possession of ———— person in whose name is taxed and ———— mortgagee of ————." In the first blank the words "no record" were inserted; nothing was inserted in the second blank; the name of "Vitus Disch" was inserted in the third blank; the words "no mortgage" were placed in the fourth blank; and the fifth blank was completed with a description of the land.

This original notice and an affidavit of the deputy sheriff, which recitees that he served Vitus Disch personally with said notice within Fall River county on a date named, as the duly authorized agent of Fall River county, the owner and holder of the tax sale certificate, were duly returned and filed in the office of the treasurer.

The precise contention is that the treasurer was without jurisdiction to issue a tax deed because the notice of re-

demption was not addressed to a record owner and to a person in possession of the land, and the return or proof of service filed in the office of the treasurer failed to show either a completed service on the record owner and the person in possession or that there was no record owner or person in possession thereof. In view of the undisputed facts, the substantial question presented for decision is whether, although the notice of the expiration of the right of redemption was addressed to and served upon the only person who in fact was entitled to such notice, and proof of such service was duly returned in the manner provided by law, the tax proceedings are fundamentally defective because the notice and the return of service filed in the office of the treasurer failed to inform the treasurer that no other person described in the statute was actually entitled to such notice.

This contention of defendant that the treasurer was without jurisdiction to issue the tax deed because the return failed to show that the service was complete gains some support from the expressions of this court in its decisions. Cf. Rector & Wilhelmy Co. v. Maloney, 15 S. D. 271, 88 N.W. 575; Hardy v. Woods, 28 S. D. 151, 132 N.W. 692; Berry v. Howard, 33 S. D. 447, 146 N.W. 577; Weller v. Platt, 33 S. D. 509, 146 N.W. 705; Cain v. Ehrler, 33 S. D. 536, 146 N.W. 694; Id., 36 S. D. 127, 153 N.W. 941; and Ulrickson v. Ulrickson, 42 S. D. 225, 173 N.W. 742. However, none of these cases go so far as to hold, where the actual fact of completed service of the notice of the expiration of the right of redemption by the holder of the certificate of tax sale is established, and a return thereof duly filed with the treasurer, that a mere defect in the return will render the tax proceedings and the deed resting thereon vulnerable to attack by the former owner seeking to recover possession of his property after the above quoted three-year statute has run.

In the application of this short statute of limitations this court would have been supported by authority had it adopted a literal interpretation thereof and had held that it operated to bar the remedy of an owner out of possession even though the tax proceedings under which the occupant claimed were fundamentally defective. Cf. Tannhauser v. Adams, 31 Cal.2d 169, 187 P.2d 716, 5 A.L.R.2d 1015. How-

ever, this court has thought the legislature did not intend so short a statute to bar an owner from assailing a tax proceeding rendered void because of fundamental defects. It is settled that the absence of a notice of the expiration of the right of redemption constitutes such a fundamental defect. Parker v. Norton, 71 S. D. 506, 26 N.W.2d 453 and Cain v. Ehrler, 33 S. D. 536, 146 N.W. 694; Id., 36 S. D. 127, 153 N. W. 941. Cf. Anno. 5 A.L.R. 1021. If it be assumed that the return or affidavit of service in this case should have shown that there was no record owner or person in possession of the property entitled to notice, it does not follow that the omission is fatal. The defect is not fundamental. That which was essential to due process was established. The complaint is that the treasurer acted on a defective or incomplete return. The legislature could have dispensed with the requirement that the omitted showing appear in the return, or it could cure a defect in a proceeding because of such omission, for the reason that, in the circumstances, the showing omitted is not essential to due process. Cf. Hough v. Perkins County, 72 S. D. 236, 32 N.W.2d 632. The legislative aim in enacting the short statute of limitations was to bar the remedy of an owner out of possession founded on such defects. We hold the contention untenable.

This holding finds support in an early Iowa case interpreting like statutes wherein it was written, "It must be remembered that the defect complained of consists, not of a jurisdictional act omitted or defectively done, but of defective proof of such act. * * * Surely time and the statute of limitations ought to afford the means of curing such a defect. The object of the statute of limitations above referred to was doubtless to protect the right of parties against errors and irregularities of this character. * * *" Trulock v. Bentley, 67 Iowa 602, 25 N.W. 824, 825, and cf. Smith v. Huber, 224 Iowa 817, 277 N.W. 557, 115 A.L.R. 131.

The remaining contentions of appellant have been carefully considered but are not deemed to merit discussion.

The judgment of the trial court is affirmed.

RUDOLPH, P. J., and SICKEL and LEEDOM, JJ., concur.

ROBERTS, J., concurs in result.